58 N.J. Super. 455 (1959)
156 A.2d 491
ELAINE HUDSON, PETITIONER-RESPONDENT,
v.
KINGSTON CONTRACTING CO., JAMES S. NORRIS CO., AMERICAN MUTUAL LIABILITY INSURANCE CO. AND GREAT AMERICAN INSURANCE CO., RESPONDENTS-APPELLANTS.
Superior Court of New Jersey, Mercer County Court, Law Division.
Decided December 15, 1959.
*456 Mr. Pearce R. Franklin, attorney for petitioner-respondent.
Mr. Irving H. Lewis (Mr. George Y. Schoch, appearing), attorney for respondents-appellants.
*457 LANE, J.C.C.
This is an appeal as provided for in R.R. 1:2-12(a) from a judgment of the Workmen's Compensation Division by the respondents Kingston Contracting Co., employer, and American Mutual Liability Insurance Co., insurer.
The sole question raised by the respondents on this appeal is whether the petitioner, after receiving an award of compensation in Maryland, has the right to apply to the State of New Jersey for another award arising out of the same accident and claim.
The facts involved are not in dispute: The decedent, Dale F. Hudson, a domiciliary of the Commonwealth of Pennsylvania, was employed by the Kingston Contracting Co., in Red Bank, New Jersey, during the summer of 1956, and then worked on various construction projects in New Jersey, Pennsylvania, and Maryland until he was killed in an accident arising out of and during the course of his employment in the State of Maryland on January 14, 1957. The decedent left surviving him a widow, Elaine Marie Hudson, and three minor children. On January 21, 1957 decedent's widow, Elaine Marie Hudson, signed a Maryland State Industrial Accident Commission claim form for compensation. Though she did not appear at a hearing on March 1, 1957, the Commission ordered an award of compensation wherein it was provided:
"After due consideration of the evidence at hand in the above-entitled case, the Commission finds that Dale Hudson was injured on the 14th day of January, 1957, while in the employ of the above-named employer, and that as a result of said injury he died on the same day; that said injury causing death arose out of and in the course of his employment; that his average weekly wage was $148.00; and that he left surviving him his widow, Elaine Marie Hudson, and the following children, Monty Dale Hudson, Karen Elaine Hudson and Larry Ray Hudson, all of whom were wholly dependent upon the deceased for support at the time of his injury.
It is, therefore, this 1st day of March, 1957, by the State Industrial Accident Commissioner, Ordered subject to the provisions of the Workmen's Compensation Law, that Kingston Contracting Company, employer, and American Mutual Liability Insurance Company, *458 insurer, pay unto Elaine Marie Hudson, widow of Dale Hudson, deceased, for the use and benefit of herself and of the dependent children hereinbefore mentioned, compensation at the rate of $25.00 per week, payable weekly, for the period of four hundred weeks, not to exceed $10,000.00, said compensation to begin as of January 14, 1957, and in addition thereto such further sum not to exceed $300.00 for funeral expenses incurred by reason of the death of said Dale Hudson, and that statement of compensation paid be filed with the Commission in due time."
This award was the maximum allowable under the Maryland law.
Subsequent to the promulgation of this order, Elaine Hudson filed a petition with the New Jersey Division of Workmen's Compensation, seeking an award under New Jersey law based on the same accident. The Deputy Director determined upon the evidence and testimony given at the hearing that as to Kingston Contracting Company and its insurer, the deceased, Dale Hudson, met with a compensable accident that arose out of and during the course of his employment, of which the respondent had due and timely knowledge, and that the deecased had been hired by a contract of employment in New Jersey. The claim against James S. Norris and his insurer was dismissed on the basis of there being no contract of employment. An award was entered for the widow and three minor children totalling $36,755.02, plus $100 funeral expenses. The respondent was allowed a credit for amounts paid under the Maryland award.
The general problem of dual awards has been treated very fully by the Appellate Division in its recent opinion in Bowers v. American Bridge Co., 43 N.J. Super. 48 (1956), affirmed on the basis of the opinion below in 24 N.J. 390 (1957), wherein it was held that if New Jersey has an adequate interest in the subject matter it may enter a second award, if credit is given for payments made on the first award. However, before a second award can be entered it must be determined, first, whether the rule of the United States Supreme Court which emerges from Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S. *459 Ct. 208, 88 L.Ed. 149 (1943), and Industrial Commission of Wisconsin v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140 (1947), taken together, commands the application of full faith and credit in bar of the New Jersey award; and second, whether the general philosophy of the constitutional provisions and ordinary principles of res judicata in light of considerations pertinent under New Jersey public policy in workmen's compensation acts in bar of the New Jersey award.
The rule of the Magnolia and McCartin cases provides that a prior compensation award would not fall under the full faith and credit provisions so as to preclude a subsequent award by a sister state where an examination of the statute and judicial decisions of the state of the first award did not indicate "by unmistakable language" an intent to make the compensation award the exclusive remedy of the injured workman, not only in that state, but every other jurisdiction.
Thus, the Maryland statute and judicial decisions must be examined to determine whether the Maryland Workmen's Compensation Act statutory remedy was the only remedy available, not only in Maryland, but everywhere.
The leading Maryland decision in this area is Victory Sparkler & Specialty Co. v. Francks, 147 Md. 368, 128 A. 635, 44 A.L.R. 363 (Ct. App. 1925). In this case the plaintiffs in a common-law action obtained a judgment of $22,500 against the defendant, Victory Sparkler and Specialty Co., for the benefit of a young girl who had contracted phosphorus poisoning while employed in the making of fireworks for the defendant. The defendant employer appealed this judgment to the Court of Appeals of Maryland and urged "(1) that it was an employer engaged in an extra hazardous employment within the Maryland Workmen's Compensation Act, and had secured compensation to its employees by insurance in conformity with the act in an authorized assurance carrier; and (2) that the girl was its servant at the time she sustained the injury complained *460 of, which arose out of and in the course of this employment; and (3) that the employer had fully complied with all the provisions of the act, and was ready and able to pay her the compensation to which she was entitled thereunder; and (4) that this liability for compensation was exclusive."
The Maryland Court of Appeals, in reversing the trial court's judgment, held that there could be no recovery at common law, as the employer in this instance was exempt from all liability to its employee for an accidental injury, except under the Workmen's Compensation Act. In arriving at this decision the court determined that the Maryland Workmen's Compensation Act created the sole remedy of the injured workman and that "aside from the exceptions created by the act itself, the operation of the law is exclusive of all other remedy and liability, with respect to both the employer and the employee, engaged in hazardous employments, in regard to all injury arising out of and in the course of the employment."
It is important to note that the issue before the Maryland court in this case was the exclusiveness of the remedy in relation to common-law actions. It did not have before it the issue of the exclusiveness of the remedy in relation to sister state actions under workmen's compensation laws.
The United States Court of Appeals for the District of Columbia in Gasch v. Britton, 92 U.S. App. D.C. 64, 202 F.2d 356, 359 (1953), interpreted the Maryland statutory remedy in light of Victory Sparkler, supra, to be exclusive not only as to common-law actions, but also as to sister state actions under workmen's compensation laws.
Gasch, a resident of Maryland, was hired in the District of Columbia by William C. Voight, a plumbing contractor, whose place of business was in the District of Columbia. Voight's business was carried on both in the District and the States of Maryland and Virginia. Gasch was killed in Maryland by an accident which arose out of and during the course of his employment. His widow, for herself and two minor children, filed a claim for death benefits under Maryland's *461 Workmen's Compensation Act. All allowable benefits were awarded. She then filed a petition to collect under the more generous District of Columbia law. The facts in Gasch are most similar to the facts in the case at bar and raise the identical issue presented to this court for decision.
In the Gasch case the petitioner lost on every level. The District of Columbia Deputy Commissioner ruled that the Maryland award was final and entitled to full faith and credit under Article IV, Section 1 of the Constitution of the United States. She appealed to the District Court for the District of Columbia where the court held the decision in Magnolia Petroleum, supra, controlling and dismissed the action on the ground that the Maryland award was res judicata and entitled to full faith and credit in the District of Columbia. She then appealed to the Court of Appeals for the District of Columbia. The Court of Appeals affirmed the District Court's dismissal. The following are excerpts from Judge Proctor's majority opinion for the Court of Appeals:
"True, this Maryland case [Victory Sparkler, supra] did not directly involve the effect of an award in that State upon a claim for compensation in another jurisdiction as does the case at bar. * * * [The Victory Sparkler case has] `clearly considered dictum' [on the point of exclusiveness of the remedy] * * *
* * * the language of the Maryland Court of Appeals in the Victory Sparkler case applies with equal force to the case at bar. There, as we have shown, the court in holding [in Victory Sparkler, supra] `operation of the law' to be `exclusive of all other remedy and liability' as to employer and employee, declared the meaning of the exclusionary clauses to be `so clear and unmistakable that it would be a denial of the legislative purpose to strike their plain terms from the statute by judicial construction.'"
Judge Fahy filed a dissent in the Court of Appeals case, therein stating:
"In my opinion neither the Maryland statute nor the full faith and credit clause of the Constitution excludes an additional award under the District of Columbia statute, provided the award made in Maryland is credited upon it. In Industrial Comm. of Wisconsin *462 v. McCartin [citations omitted], the Supreme Court held the Illinois award there involved to be final and conclusive only as to rights arising in Illinois, Wisconsin being free to make compensation in accord with its own law, 330 U.S., at page 630, 67 S.Ct. 886. It seems to me there is no pertinent difference between the Maryland statute and that of Illinois construed in the McCartin case. The Maryland statute accordingly should be construed as exclusive only as to the right or remedy in Maryland, which is all I think was decided in Victory Sparkler [citation omitted]. If this is so then the case before us is not controlled by Magnolia Petroleum [citation omitted]."
I concur with the dissent written by Judge Fahy because I do not feel that Victory Sparkler, supra, should be expanded to cover the important issue of exclusiveness of remedies as to all jurisdictions, since that issue was not litigated before the Maryland court. Accordingly, I conclude that the Maryland Workmen's Compensation Act provides the exclusive remedy in Maryland, but that neither the statute itself nor the judicial decisions provide that it is to be the exclusive remedy everywhere.
Next, it must be determined whether the rule of res judicata taken in the light of considerations pertinent under New Jersey public policy in workmen's compensation should nevertheless be applied to bar the New Jersey award.
The New Jersey public policy in this area was stated by the New Jersey Supreme Court in its opinion in Buccheri v. Montgomery Ward & Company, 19 N.J. 594, 605 (1955) wherein it was stated:
"But before the courts of this State should deny full faith and credit to a final award entered in another state, it should appear that the award made in the other state is so much less than an award that could be allowed here that it can be reasonably said that such an award is in conflict with the policy of our act as set out in the schedules therein and other relevant sections, and is obnoxious to the policy of our act."
In Bowers, supra, the court held that the contrast between the $184.29 awarded by the out-of-state court as compared to the $3,500 awarded by the New Jersey court was "obnoxious *463 to the policy of our act," and accordingly permitted the entry of the New Jersey award.
In the case at bar the Maryland award was for $10,000, plus $300 for funeral expenses. The New Jersey award was for $36,755.02, plus $100 funeral expenses. The contrast between the two awards is so great as to be "obnoxious to the policy of our act."
The judgment of the Division of Workmen's Compensation is affirmed.