# WOOD *v.* AETNA CASUALTY AND SURETY COMPANY ET AL.

[No. 249, September Term, 1970.]

*Decided February 4, 1971.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Henry F. Leonnig,* with whom was *Eugene E. Pitrof* on the brief, for appellant.

*J. Joseph Barse,* with whom was *M. S. Mazzuchi* on the brief, for appellees.

FINAN, J., delivered the opinion of the Court.

In *Gasch v. Britton,* 202 F. 2d 356 (D. C. Cir. 1953) the United States Circuit Court of Appeals for the District of Columbia on the basis of its interpretation of *Victory Sparkler Co. v. Francks,* 147 Md. 368, 128 A. 635 (1925), held that an award under the Workmen's Compensation Act of Maryland (Maryland Code (1964 Repl. Vol.) Article 101) is the employee's sole and exclusive remedy against the employer and precluded any award to the claimant under the Workmen's Compensation Law of the District of Columbia. In the present case the appellant has appealed a declaratory order of the Circuit Court for Prince George's County which followed the *Gasch* ruling and which further found that the employer's insurance policy did not provide coverage for benefits in addition to those benefits recovered by the claimant in Maryland. For the reasons we shall hereafter relate, we disagree with the ruling of the lower court on these two issues.

The following undisputed facts were presented to the court below:

The appellant was injured on or about February 23, 1967, while employed as an inside shop foreman by Suburban Glass Company, Inc., (Suburban) at its place of business in Prince George's County, Maryland. The ap-

pellee, Aetna Casualty and Surety Company (Aetna) was the insurance carrier of Suburban for its workmen's compensation coverage for injuries sustained by its employees with regard to the laws of the State of Virginia, Maryland and the District of Columbia. As a result of the accident which occurred during the course of his employment, the appellant received a severe injury to his spinal cord which permanently and totally incapacitated him. The appellant filed a claim with the Workmen's Compensation Commission of Maryland and is presently receiving benefits under the Workmen's Compensation Law of the State of Maryland. The appellant also filed a claim with the Bureau of Employees' Compensation, the unit in the District of Columbia corresponding to the Workmen's Compensation Commission of Maryland, for compensation under the law of the District of Columbia. At the time of the accident the appellant was 31 years of age and had a life expectancy to the age of 74.65 years. It also appears from the record that he worked in the District of Columbia at least three times in the year and a half preceding his injury.

It has been stipulated between the parties that the amount to which the appellant would be entitled at the District of Columbia rates for workmen's compensation over and above that which would be paid the appellant under the Workmen's Compensation Law of Maryland amounts to $118,886.[1]

---

1. The appellant was a member of the Glazier's Union Local 963 and its contract of employment with Suburban provided that an employee such as the appellant was to receive workmen's compensation benefits according to the laws of the District of Columbia. The lower court found Suburban liable to pay according to the District of Columbia rates but that such payments at those rates were not insured under the policy in question issued by Aetna. Accordingly a consent judgment was entered between the appellant and Suburban, representing the amount of payments under the District of Columbia Act in excess of payments under the rates provided in the Maryland Act, in the amount of $118,886, less a credit of $10,000 paid by Charles A. Shortt (an agent of Aetna's) and James L. Beller, an officer of Suburban, who had also been named defendants. Suburban is now insolvent having filed an assignment for the benefit of creditors in the Circuit Court for Prince George's County on December 1, 1967, (Equity No. D-2398). The assignee, Dimitri P. Mallios, is also a defendant and an appellee. We are not

The lower court in its opinion noted that under the "Declarations" Section of Aetna's policy it is stated:

"3. Coverage A of this policy applies to the workmen's compensation law and any occupational disease law of each of the following states: District of Columbia, Maryland, and Virginia."

Judge Bowie in commenting on this Section 3 observed that:

"* * * Item 3 does give coverage under the compensation laws of three states but does not state expressly or impliedly that additional benefits are contemplated. Instead, a reasonable reading of item 3 is that there is coverage in each of the jurisdictions in which Suburban's employees may work and, as here, when an employee is injured in one of those jurisdictions, he can seek relief in that jurisdiction as plaintiff has also done here."

With regard to the comments made by the lower court relative to Section 3 of the policy we state immediately that they lose their significance when viewed in the light of our present determination that the Maryland Workmen's Compensation Act is not an exclusive remedy and also in view of the particular wording of the District of Columbia's Workmen's Compensation Act. We believe the inapplicability of the lower court's rationale will become more apparent as we develop the reasons underlying our conclusion. The lower court also placed some store in the fact that, "under Item 4, only glaziers away from the shop seem to have coverage in three jurisdictions and under the facts as presented * * * he [appellant] was not away from the shop, rather, the plaintiff was working at

concerned in this appeal with the Suburban judgment or the claims against Shortt or Beller. Likewise, we are not concerned with the provisions of the union contract as that is a matter between the employee and Suburban. We are concerned with Aetna's contract of insurance coverage with Suburban.

the shop at the time of the accident." Here again, in view of the District of Columbia Act we think the classifications in Section 4 are not pertinent to the question of whether Aetna's coverage would extend to a District of Columbia award or an award based on the District's Workmen's Compensation rates because the District's Act provides coverage for every employee of an employer carrying on employment in the District of Columbia. Indeed, the appellee in its brief states: "appellee does not contest the fact that if the District of Columbia were to accept jurisdiction of appellant's claim and enter an award of compensation under the District of Columbia Compensation Laws then appellee would be bound by the District of Columbia action to provide insurance coverage for such benefits."

It should also be noted that under the ruling of *Cardillo v. Liberty Mutual*, 330 U. S. 469, 91 L. Ed. 1028 (1947), it is not necessary for the purposes of the District of Columbia Act that the employee be injured or hired in the District of Columbia. The District of Columbia Code (1967 ed.) Title 36, Section 501, provides that:

> "The provisions of chapter 18, title 33, U.S. Code, including all amendments that may hereafter be made thereto, shall apply in respect to the injury or death of an employee of *an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs;* except that in applying such provisions the term 'employer' shall be held to mean *every person carrying on any employment in the District of Columbia* and the term 'employee' shall be held to mean *every employee of any person.*" (Emphasis supplied.)

In essence, the District of Columbia applies its act to every employee regardless of the place of injury or the place of contract if the employer in question carries on "any employment" in the District of Columbia. See 3 *Larson's Workmen's Compensation Law*, Section 87.13.

We now reach the central issue of this case: Did the remedy pursued by the appellant in filing a claim with the Workmen's Compensation Commission of Maryland (and his acceptance of an award thereunder) preclude him from availing himself of the more liberal benefits of the District of Columbia Act, on the ground that Maryland Code (1964 Repl. Vol.) Article 101, §§ 15 and 36 provide for an exclusive remedy, barring any and all other actions by the employee against the employer?[2]

The appellant states in his brief that, "Only one impediment exists to his claim having been pressed in the District of Columbia and which was the basic reason for the initiation of the declaratory judgment suit. It is the holding in *Gasch v. Britton*, 202 F. 2d 356 (D. C. Cir. 1953) * * *." A reading of *Gasch* makes it obvious why, absent a contrary ruling by a Maryland court, the appellant is presently barred from proceeding under the District's Act.

In *Gasch*, the widow and minor children of a District of Columbia workman killed while engaged on a job in Maryland, filed a claim with the Workmen's Compensation Commission of Maryland and were awarded benefits under the Maryland Act. Subsequently, they sought to file a claim in the District of Columbia to receive the more generous benefits of the District Act, subject to a credit for the amount of the Maryland award. The claim was based on the premise that the employment contract was entered into in the District and the Maryland award did not bar further recovery in the District. The federal court reached its result as to the exclusiveness of the

---

2. Maryland Code, Art. 101, § 15, provides in part: "* * * The liability prescribed by the last preceding paragraph [wherein the liability of the employer for accidental injury or death sustained by the employee in the course of his employment is set out] shall be exclusive." Section 36 provides in part: "Each employer [employee] (or in the case of death his family or dependents) entitled to receive compensation under this article shall receive the same in accordance with the following schedule and except as in this article otherwise provided such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever."

Maryland Act,[3] first, by reconciling two United States Supreme Court decisions, *Magnolia Petroleum Co. v. Hunt,* 320 U. S. 430, 88 L. Ed. 149 (1943), and *Industrial Commission of Wisconsin v. McCartin,* 330 U. S. 622, 91 L. Ed. 1140 (1947) and second, by misinterpreting the opinion of this Court in *Victory Sparkler Co. v. Francks,* 147 Md. 368, 128 A. 635 (1925).[4]

We are not troubled by the analysis which *Gasch* makes of *Magnolia* and *McCartin,* to the effect that an award already obtained under the workmen's compensation act of one state would not bar a proceeding under another applicable state act (provided the amount paid by a prior award in the first state will be credited on the second award), unless the act under which the award was first made was designed to preclude recovery of a further award under another state's law. See *Restatement, Conflict of Laws,* Section 403 (1948 Supp.), wherein *Magnolia* and *McCartin* are discussed and also *Kacur v. Employers Mutual Casualty Co.,* 253 Md. 500, 504, 254 A. 2d 156 (1969). This rationale is also in keeping with the treatment given dual awards in 3 *Larson, Workmen's Compensation Law,* Section 85.00, as well as *Restatement, Conflict of Laws,* Section 402 (1934). See also *Hudson v. Kingston Contracting Co.,* 156 A. 2d 491 (Co. Ct. N.J. 1959). We do, however, part company with *Gasch* in the interpretation which it placed on *Victory Sparkler.*

At the outset of our discussion of *Gasch,* we think it important to recall that in *Victory Sparkler* this Court was not presented with a case wherein a claimant was seeking to avail himself of the benefits available under the workmen's compensation acts of two jurisdictions, but rather, the case involved a situation where the employee having sustained injuries in the course of her employ-

3. On the premise that the Maryland Workmen's Compensation Act is an exclusive remedy and the Maryland award was final, the court in Gasch held that the award was "entitled to full faith and credit under Article IV, Section 1 of the Constitution of the United States."

4. Judge Fahy wrote a brief but sharp dissent in Gasch which we discuss later in this opinion.

ment brought an action at law against her employer on the basis of common law negligence, although the employer had provided workmen's compensation coverage in conformity with the Maryland Act. The court in *Gasch*, in referring to *Victory Sparkler*, said in part:

> "[1] True, this Maryland case did not directly involve the effect of an award in that State upon a claim for compensation in another jurisdiction, as does the case at bar. So, in a strict sense, it may be challenged as dictum, yet considered dictum. The court was directly concerned with the meaning and effect of the exclusionary provisions of the Act as they bore upon the extent of and limitations on the rights and liabilities of employer and employee. Hence, the court's assertion that, aside from exceptions created by the Act 'operation of the law is exclusive of all other remedy and liability, with respect to both employer and employee,' is strongly persuasive, even though we may not be bound to accept it. The unanimous opinion, thus expressed, is a clear exposition of the statute by the highest court of the State; not in conflict with any of its other decisions. It meets the criterion of 'clearly considered dictum as distinguished from mere comment in the nature of obiter,' and should, we think, be regarded in that light." 202 F. 2d 359-360.

The court in *Gasch* interpreted the language of the Maryland Court of Appeals in *Victory Sparkler* (when this Court was speaking of the exclusive remedy provided by the Maryland Act) to mean that, not only did the Maryland Act exclude any common law action against the employer but also any and all other type of liability, whether still within the workmen's compensation area or otherwise. Our reaction to such an interpretation of *Victory Sparkler* is first, that our predecessors did not have to go that far in deciding the issue before them in that case,

and secondly, we do not believe they went that far, even by way of "considered dictum."

It is important to note that Judge Parke, in writing the opinion for this Court in *Victory Sparkler* quoted from the preamble of the original Workmen's Compensation Act in this State (Chapter 800 of the Acts of 1914), to emphasize the socio-economic philosophy underlying the Act to the following effect:

> "Now, therefore, the State of Maryland, exercising herein its police and sovereign power, declares that all phases of extra-hazardous employments be, and they are hereby withdrawn from private controversy, and sure and certain relief for workmen injured in extra-hazardous employments and their families and dependents are hereby provided for, regardless of questions of fault, and to the exclusion of every other remedy, except as provided in this Act." [5]

The court in *Gasch* made the point that this Court in *Victory Sparkler* emphasized the exclusive feature of the Maryland Act and referred to that portion of the opinion wherein our predecessors stated:

> "* * * [W]henever this Court has spoken on any phase of this subject, it has uniformly said

---

5. The preamble of the Act (Ch. 800 of the Acts of 1914) also provides: "[The State] recognizes that the prosecution of various industrial enterprises which must be relied upon to create and preserve the wealth, and prosperity of the State involves injury to large numbers of workmen * * * and under the rules of the common law and the provisions of the statutes now in force an unequal burden is cast upon its citizens and that in determining the responsibility of the employer * * * unnecessary cost is now incurred in litigation which cost is borne by the workmen, the employers and taxpayers * * * and, in addition thereto the State and its taxpayers are subjected to a heavy burden in providing care and support for such injured workmen and their dependents, which burden should, in so far as may be consistent with the rights and obligations of the people of the State, be more fairly distributed—and that whereas, the common law system governing the remedy of workmen against employers for injuries received in extra-hazardous work is inconsistent with modern industrial conditions; and injuries in such work, formerly occasional, have now become frequent and inevitable * * *."

that, aside from the exceptions created by the act itself, the operation of the law is exclusive of all other remedy and liability, with respect to both the employer and employee, engaged in hazardous employments, in regard to all injury arising out of and in the course of the employment. *Jirout v. Gebelein,* 142 Md. 692, 697-699; *Solvuca v. Ryan & Reilly Co.,* 131 Md. 265, 269, 129 Md. 235, 238; *Hagerstown v. Schreiner,* 135 Md. 650, 653, 654; *Adleman v. Ocean Accident & Guarantee Co.,* 130 Md. 572, 574; * * *." 147 Md. at 375.

While the above quotation stresses the exclusive remedy provided by the Act, the main thrust of this Court's opinion in *Victory Sparkler* was directed toward the establishment of the exclusivity of the Act over remedies formerly available to the employee in the area of common law negligence. The opinion reiterates the socio-economic aspect of the Act, contrasting the rights of labor *vis a vis* management under the Act, stating "the statute has given to labor what it never had before, and has taken away from capital what it has always enjoyed, and has compensated the latter by limiting its liability * * *." 147 Md. at 376. The opinion takes pains to recite the provisions in the Act providing for the protection of the employer from suits by the employee based on common law negligence and emphasizes the exposure of the employer who fails to comply with the Act, to such suits, noting that in such cases "the defendant (employer) may not plead as a defense that the injury was caused by the negligence of a fellow-servant or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee." *Victory Sparkler* at 374. In short, *Victory Sparkler* points out that the Workmen's Compensation Act in giving an employee a right to compensation for injuries sustained during the course of employment, regardless of fault and irrespective of the negligence of the employer, ruled out

suits predicated on common law negligence against the employer.

Actually, *Victory Sparkler* was not the first Maryland decision to recognize the exclusive remedy feature of the Maryland Act (insofar as the employee was concerned), as opposed to a common law action. The Court in *Victory Sparkler* was well aware of the other Maryland cases and cited them on page 375 of the opinion. *Jirout v. Gebelein,* 142 Md. 692, 697-699, 121 A. 831 (1923). *Hagerstown v. Schreiner,* 135 Md. 650, 653, 654, 109 A. 464 (1920); *Solvuca v. Ryan & Reilly Co.,* 131 Md. 265, 269, 101 A. 710 (1917). It is significant to note that each of these cases dealt with an effort on the part of an employee or his dependents to pursue a common law tort remedy rather than follow the statutory remedy provided by the Workmen's Compensation Act. In each case the Court in setting forth the exclusive features of the Act, noted that the employee was foreclosed from pursuing any common law remedy where the employer had complied with the Act. In no instance, however, was there any issue involving benefits under the workmen's compensation law of another state. Also, in *Jirout, Schreiner* and *Solvuca* the Court in each instance took cognizance of the socio-economic legislative background of the Act and its intended assault on the common law remedy.

It should also be noted that in *Victory Sparkler,* the main issue before the Court was whether the phosphorus poisoning of the female employee which occurred in the course of her employment in the fireworks factory of the employer could be classified as an "accidental" injury coming within the scope of the Act. If it could not, then a common law remedy was open to her. However, the Court upon finding that the injury was such a one as was covered by the Act, felt compelled to elaborate on the sole and exclusive remedy feature of the Act and thus gave us what *Gasch* has termed "considered dictum." It is our belief that all the Court intended to do in *Victory Sparkler* was to state that the remedy provided by the Act was exclusive as juxtaposed to a common law action at law.

It must also be remembered that *Victory Sparkler* was decided in 1925, some 46 years ago, and the refinements which we now acknowledge in the field of workmen's compensation law were not so well recognized then as they are today. A decision which holds that the Maryland Compensation Act is not so exclusive as to prohibit the claimant from pursuing additional compensation benefits in another jurisdiction for which he may qualify does not, in our opinion, do violence to the theory of *Victory Sparkler*. We are simply recognizing the claimant's right of action against the employer in an action of the same genus and have not eroded the employer's insulation from liability in other areas of litigation. We think this is the message conveyed by *Victory Sparkler*.

The interpretation which we gave to *Victory Sparkler* is in essence the same as that adopted in *Hudson v. Kingston Contracting Co.*, 156 A. 2d 491 (Co. Ct. N. J. 1959). Although this latter opinion does not come from an appellate level, emanating as it does from the Mercer County Court, we take sustenance from it. In *Hudson*, the court was faced with almost the identical situation as was present in *Gasch*. The employee a resident of Pennsylvania was employed by a New Jersey firm and was killed in Maryland while in the course of his employment on January 14, 1957. The widow and three minor children filed a claim with the Maryland State Industrial Accident Commission (Workmen's Compensation Commission) and were granted the maximum award allowed under the Maryland Law. Subsequently, the dependents filed a claim with the New Jersey Division of Workmen's Compensation seeking an award pursuant to the more generous benefits of the New Jersey Act. An award was made by the New Jersey Commission after allowing credit for the amounts paid under the Maryland award. The insurer and employer on appeal relied on the doctrine of *Gasch*. The Mercer County Court in affirming the action of the Commission, speaking through Judge Lane said:

> "It is important to note that the issue before the Maryland Court in this case [*Victory Spar-*

*kler*] was the exclusiveness of the remedy in relation to common-law actions. It did not have before it the issue of the exclusiveness of the remedy in relation to sister state actions under workmen's compensation laws."

\* \* \*

"Judge Fahy filed a dissent in the [D. C. Cir.] Court of Appeals case, therein stating:

'In my opinion neither the Maryland statute nor the full faith and credit clause of the Constitution excludes an additional award under the District of Columbia statute, provided the award made in Maryland is credited upon it. In *Industrial Comm. of Wisconsin v. Mc-Cartin* [citations omitted], the Supreme Court held the Illinois award there involved to be final and conclusive only as to rights arising in Illinois, Wisconsin being free to make compensation in accord with its own law, 330 U. S. at page 630, 67 S. Ct. 886. It seems to me there is no pertinent difference between the Maryland statute and that of Illinois construed in the *McCartin* case. The Maryland statute accordingly should be construed as exclusive only as to the right or remedy in Maryland, which is all I think was decided in *Victory Sparkler* [citation omitted]. \* \* \*.'

"I concur with the dissent written by Judge Fahy because I do not feel that *Victory Sparkler, supra,* should be expanded to cover the important issue of exclusiveness of remedies as to all jurisdictions, since that issue was not litigated before the Maryland court. Accordingly, I conclude that the Maryland Workmen's Compensation Act provides the exclusive remedy in Maryland, but that neither the statute itself nor the judicial decisions provide that it is to be the exclusive remedy everywhere." 156 A. 2d 494-495.

See also *Kacur v. Employers Mutual Casualty Co.,* 253 Md. 500, 504, 254 A. 2d 156 (1969).

In view of what we have stated in this opinion we are of the belief that the portion of the lower court's order which states that "* * * the benefits recovered by the plaintiff, Leonard L. Wood, in Maryland, constitute his exclusive remedy and preclude additional recovery in the District of Columbia," should be reversed and rewritten to reflect the holding in this opinion; and further, that the portion of the order which states, "* * * that the insurance policy of the Aetna Casualty and Surety Company in effect at the time of the accident to the plaintiff, Leonard L. Wood, did not provide for benefits in addition to those recovered by the plaintiff, Leonard L. Wood, in Maryland.", should be deleted. With regard to this deletion, we think this to be the proper manner in which to form a new declaratory order for the reason that the appellant has stated that the only impediment to his pursuing his claim for additional benefits under the Workmen's Compensation Law of the District of Columbia was the ruling in the *Gasch* case. Since this opinion should have the effect of removing this impediment, we think it important that the construction of Aetna's contract be left to the tribunal which will have jurisdiction over the claim in the District of Columbia.

> *Judgment reversed in part and modified in part, in conformity with the above opinion, appellees to pay costs.*