## NATIONAL BANK OF OXFORD v. WHITMAN.

### (Circuit Court, S. D. New York. August 18, 1896.)

1. CORPORATIONS—STOCKHOLDERS' LIABILITY—TRANSITORY ACTIONS.
   The action given by Gen. St. Kan. par. 1192, to enforce the stockholders' liability when an execution against a corporation is returned unsatisfied, is transitory, and may be brought outside the state against a nonresident stockholder. Howell v. Manglesdorf, 5 Pac. 759, 33 Kan. 194, followed.
2. STATE COURTS—CONSTRUCTION OF STATUTES—OBITER DICTUM.
   The opinion of a state court upon the construction of a statute of the state is entitled to great weight in the federal courts, even though the question considered was not directly in judgment.

This was an action by the National Bank of Oxford against George C. Whitman to enforce his liability as a stockholder in the Arkansas City Investment Company. Defendant moves to set aside a verdict for plaintiff.

William B. Hornblower, for plaintiff.

William G. Wilson, for defendant.

WHEELER, District Judge. The constitution of Kansas provides (article 12, § 2):

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder."

And the General Statutes of that state (1889, par. 1192, "Execution against Stockholders: Action"):

"Sec. 32. If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corpora-

tion, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

The defendant was an original holder of a large part of the stock of the Arkansas City Investment Company, a corporation existing under and subject to these provisions, against the property of which an execution issued on a judgment there in favor of the plaintiff, and was returned unsatisfied. This action is brought upon the last clause of the statute, to charge him with the amount of this judgment, which is much less than the amount of his stock. Notes which were the foundation of the judgment were proved with it, and a verdict was directed for the plaintiff; and the case has now been submitted on a motion to set aside the verdict, principally because the suit is brought here outside of the state of Kansas.

Several cases of great weight and entitled to very respectful consideration have been cited to the effect that the action is wholly local. Bank v. Rindge, 154 Mass. 203, 27 N. E. 1015; Fowler v. Lamson, 146 Ill. 472, 34 N. E. 932; Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419. But in Howell v. Manglesdorf, 33 Kan. 194, 5 Pac. 759, the supreme court of Kansas, after observing that two remedies were prescribed in this statute, and holding that the notice of motion required in one could not be given without the state, said, as to the other, which is this one:

"This rule does not deprive a creditor of the insolvent corporation of a remedy against the stockholder residing in another state, and upon whom service cannot be obtained here. While the liability is statutory, it is one which arises upon the contract of subscription to the capital stock of the corporation, and an action to enforce the same is transitory, and may be brought in any court of general jurisdiction in the state where personal service can be made upon the stockholder."

—That the construction of the constitutions and statutes of states by their tribunals is binding is not questioned, but this declaration is said to be so far merely obiter as not to be authoritative. The question whether the action is transitory, and could be maintained without the state, was not directly in judgment; but it was so before the court, in construing the provisions of the constitution and statutes together, that it appears to have received full consideration. The opinion of the court upon it is, at least, entitled to great weight elsewhere. The action itself is personal; no special proceedings are provided for in it; and, according to the decisions of the supreme court of the United States, it would appear to be transitory. Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263; McVickar v. Jones, 70 Fed. 754. It is said that the jurisdiction of this court is concurrent, and so only co-extensive, with that of the courts of New York, and that this court here should not take

cognizance of cases that those courts would not. The declining of jurisdiction by those courts cannot, however, take from this court that which properly belongs to it; and the decision of what belongs to this, at least, must ultimately be determined by the supreme court of the United States. The decisions of that court must be followed here, as understood; and so, by them, this motion must be overruled. Motion denied, and judgment on verdict ordered.