# JOSEPH JIROUT

*vs.*

# JOHN A. GEBELEIN.

*Workmen's Compensation Act—As Defense to Action for
Damages—Character of Injury.*

A special plea in bar is a proper method of asserting the
Workmen's Compensation Act as a defense to an action by an
employee for injuries caused by the employer's negligence.

p. 695

That a particular class of injury is not enumerated in the
act does not exclude it from the operation thereof. p. 696

Deafness, although not specifically mentioned in the act, is
covered thereby. p. 696

While the theory of the act is not to award compensation for
pain and suffering as such, compensation will be awarded, in
case of incapacity resulting from pain and suffering, for the
impairment of the employee's earning capacity. p. 697

As against an employer who has provided insurance and who
has not from deliberate intention produced the injury or death,
the remedy by compensation under the act is exclusive.

pp. 697, 698

*Decided March 15th, 1923.*

Appeal from the Court of Common Pleas of Baltimore
City (Duffy, J.)

Action by Joseph Jirout against John A. Gebelein. From
a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before Boyd, C. J., Briscoe,
Thomas, Urner, Stockbridge, Adkins, and Offutt, JJ.

*B. Harris Henderson* and *Thomas J. Tingley,* with whom
were *Smith & Smith* on the brief, for the appellant.

*Harold Tschudi* and *William D. Macmillan,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The questions, arising upon the record in this case, are presented by the rulings of the court upon the plaintiff's demurrer to the defendant's second and special plea to the plaintiff's declaration.

The suit was brought by the plaintiff against the defendant, in the Court of Common Pleas of Baltimore City, to recover damages for injuries sustained by him while employed by the defendant, and alleged to have been caused by the negligence of the defendant in failing to use due care in procuring and providing proper and sound machinery for the plaintiff's use, in his butchering establishment in the City of Baltimore, and thereby exposing him, while at work, to unnecessary risk and danger.

The declaration is in the usual form in negligence cases and states, in substance, that the defendant at the time of the commission of the injuries complained of owned and operated a butchering establishment in the City of Baltimore and the plaintiff was employed by the defendant as a pork butcher in this establishment; and that, on or about the 18th of February, 1920, the plaintiff was ordered by the defendant to stand at a designated place, on a raised platform and kill pigs by cutting their throats with a knife; that the pigs to be killed by the plaintiff were conveyed to him fastened to a moving chain, or cable, running over the top of a revolving wheel fastened to the end of a shaft which was caused to revolve by the operation of one large and a number of smaller cog wheels, all of which formed part of a lifting device to hoist the live and struggling animals from a position a great distance below the level of said raised platform to a point on or near a level with the plaintiff's position and where he performed his duty of killing said pigs by cutting their throats with a knife; that while the plaintiff was in the discharge of his said duty and while in the exercise of ordinary care the aforesaid large cog wheel suddenly, and without warning, bursted and broke and portions thereof were

violently hurled in different directions, one of which struck the plaintiff on the head with great force rendering him unconscious, and causing him to permanently lose the sense of hearing in his right ear and to be permanently paralyzed on the right side of his head and face, and also inflicting other painful and permanent injuries upon him.

The declaration further avers that the injuries were directly caused by the negligence of the defendant in failing to use due care in procuring said cog wheel, which was in a defective and unsound condition for use when purchased and installed by the defendant, and that such defective and unsound condition of said cog wheel was unknown to the plaintiff, but was known to the defendant, or by the exercise of due care should have been known to him, and that he did not, by any negligence on his part, directly contribute to the injuries whereof he complains but that the same were directly caused by the negligence of the defendant.

The general issue plea was filed by the defendant to the declaration, and also a second and special plea in bar, as follows: that under Chapter 800 of the Acts of the General Assembly of Maryland in 1914, now codified as Article 101 of the Annotated Code, and known as the Workmen's Compensation Act, it is provided that every employer, subject to its provisions, is required to pay or provide, as required therein, compensation according to the schedules of said act for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, and the defendant alleges that he was the employer of the plaintiff at the time the plaintiff sustained his accidental personal injury, which arose out of and in the course of his employment; that it is further provided under said act that compensation therein provided for shall be payable for injuries sustained by employees engaged in certain extra hazardous employment, one of which is packing houses and abattoirs, and the defendant alleges that the plaintiff herein at the time he sustained the

injuries alleged in his declaration, was engaged in the employment as a butcher at the defendant's packing house or abattoir; that it is also provided under said act that the employer shall secure compensation to his employee in one of three ways, one of which being "by insuring and keeping insured the payments of such compensation with any stock corporation authorized to transact the business of Workmen's Compensation Insurance in this State," and the defendant alleged that he has complied with this requirement of the act by insuring and keeping insured the payments of such compensation with the Aetna Life Insurance Company, a stock corporation, authorized to transact the business of workmen's compensation in this State; and the defendant alleged that he has fully complied with all the provisions of said act and stands ready, willing and able to pay any compensation that may be due the plaintiff under the provisions and schedules contained in said Act, and the defendant further alleges that the act provides that the liability of the employer prescribed therein as to the payment of compensation shall be exclusive.

The plaintiff interposed a demurrer to the defendant's second and special plea, upon the ground that it was bad in substance and insufficient in law.

The plaintiff's demurrer to the defendant's second and special plea was overruled by the court below, and on the 15th of March, 1922, a judgment on the demurrer was entered in favor of the defendant for costs. From this judgment the plaintiff has appealed.

There was clearly no error in the ruling of the court upon the demurrer, as to the form of the pleading in the case. The defendant's special plea in bar was in proper form to raise the question of the Workmen's Compensation Act, as a defense to the action, and was the proper mode of presenting this defense.

In *Salruca* v. *Ryan & Reilly Co.*, 129 Md. 242, in passing on the proper pleading in such cases, it is said, "the Court is of the opinion that the question should be raised by special

plea in bar in order to give notice to the plaintiff that the statute is relied on as a defense." *Salvuca* v. *Ryan & Reilly Co.,* 131 Md. 284.

The second question presented by the record and on the demurrer, and the controlling one in the case, is whether the injuries of the plaintiff alleged in the declaration are such as are included in the provisions of the Maryland Workmen's Compensation Act, and thereby covered and compensable under the act.

We think this question, under the authorities which are controlling in the case, is free from serious difficulty.

The injuries alleged in the plaintiff's declaration are first, permanent loss of hearing in right ear, second, permanent paralysis on right side of head and face, and third, other painful and permanent injuries.

In *Honnold on Workmen's Compensation,* vol. 1, page 623, it is said: "The particular injuries set out are merely examples to aid in administering the Act. The enumeration does not profess to be exclusive. The usual theory of the Compensation Acts is to make provisions in the schedule for certain specific injuries and to leave all other injuries to be compensated for under general provisions."

In *Schneider on Workmen's Compensation Law,* vol. 2, page 1022, it is said, because an injury is not scheduled, does not mean, that it is thereby excluded from the operation of the acts. Such injuries are intended to come under the general provisions of the act.

In *Wagner* v. *American Bridge Company,* 172 N. Y. App. Div. 876, 158 N. Y. Supp. 1043, the Supreme Court, Appellate Division, of New York, held that deafness was covered by the act, even though not specifically scheduled. It was further said, in that case, that "total deafness, the gravamen of this complaint, obviously impairs plaintiff's industrial efficiency. The amount and extent of this disability, as guaged by the wage-earning capacity, could be ascertained in like manner as other disabilities which now are being com-

pensated by the commission." The employer or his insurer is to provide compensation for all personal injuries that involve permanent or temporary disability, whether total or partial. The particular injuries set out in the schedule are merely examples to aid in administering the statute. The enumeration does not profess to be exclusive.

It was also held in *Wagner's* case, *supra,* that where an employer, when sued for an injury resulting in permanent total deafness in one ear, answered that he had complied with the Workmen's Compensation Law, the court cannot, on demurrer to the plea, say that the injury is excluded from the law.

The second injury, permanent paralysis, alleged in the declaration, it will be seen, is also covered by the act.

In *Frey* v. *Kerens-Donnewald Coal Company,* 271 Ill, 121, the Supreme Court of Illinois, in the construction of the Workmen's Compensation Act of that State, held that an award of compensation for permanent injury is justified by evidence, which shows that the workman has suffered paralysis of one side, so as to incapacitate him for work, as the result of a blow on the head from a prop, which fell upon him while he was working as a miner in a coal mine.

While the theory of the compensation law is not to award compensation for pain and suffering as such, but where there is resultant incapacity by reason of pain and suffering, compensation will be allowed and awarded, for impairment of the employee's earning capacity or of his ability to secure work in the labor markets of the world. *Honnold on Workmen's Compensation,* vol. 1, 581-635; *Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514; *Connors* v. *Semel-Solvay Co.,* 159 N. Y. Supp. 431.

The Workmen's Compensation Law of this State, in force at the time of the accident, provided:

"Every employer subject to the provisions of this article shall pay or provide as required herein compensation according to the schedules of this article for the disability or death

of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as to the cause of such injury.

"The liability prescribed by the last preceding paragraph shall be exclusive except that if an employer fails to secure the payment of compensation for his injured employees * * * *."

In *Hagerstown* v. *Schreiner,* 135 Md. 650, this Court had the Workmen's Compensation Act before it for construction, and said in part.

"An employer, who is subject to the provisions of the Workmen's Compensation Law and who has provided the insurance directed by Section 15 of Article 101 of the Code to secure compensation to his employees, cannot be sued at law for injuries sustained by them, except as provided in the act, and the only exceptions in the act, applicable to such a situation as is presented by this record, is found in section 45 of article 101 of the Code.

"As against an employer who has provided the insurance and who has not 'from deliberate intention produced such injury or death' the remedy by compensation under the act is exclusive. That this is the policy of the State is obvious from the preamble of the Act of 1914, chapter 800, and from other declarations contained in it. In its preamble is found this declaration:

" 'The State of Maryland, exercising herein its police and sovereign powers, declares that all phases of extra hazardous employments be and they are hereby withdrawn from private controversy, and sure and certain relief for workmen injured in extra hazardous employments and their families and dependents are hereby provided for, regardless of questions of fault, and to the exclusion of every other remedy, except as provided in this act.'

"It is also evident from section 14, chapter 800, of the Act of 1914, as amended by the Act of 1916, chapter 597, and by section 36 of article 101, wherein it is declared that ·

" 'Each employee (or in case of death his family or dependents) entitled to receive compensation under this article shall receive the same in accordance with the following schedule, and except as in this article otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever.' "

In *Morris* v. *Muldoon,* 190 N. Y. App. Div. 689, 180 N. Y. S. 321, it was held, wherever the injury results in disability, permanent or partial, the injury comes within the Workmen's Compensation Law, even though there be associated injuries, resulting from the accident, which are not specifically mentioned. The court said, "Inasmuch, therefore, as the plaintiff suffered wage-earning disability while in the course of his employment and the plaintiff has not alleged any special fact which would authorize the bringing of an action therefor, the plaintiff is remitted to the exclusive remedy provided by the act, and cannot maintain his action."

For the reasons stated, we are of opinion that this case falls within the provisions of the Workmen's Compensation Act, and the court below was right in overruling the plaintiff's demurrer to the defendant's second and special plea, and entering a judgment on demurrer in favor of the defendant for costs.

*Judgment affirmed, with costs.*