GASCH et al. v. BRITTON, Deputy Commissioner, Bureau of· Employees' Compensation, et al.

No. 11305.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 15, 1952.

Decided Feb. 5, 1953.

---

6. United States v. Perez, 1824, 22 U.S. 579, 6 L.Ed. 165, approved in Wade v. Hunter, 1949, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974.

William J. Walsh, Washington, D. C., for appellants.

Ward E. Boote, Asst. Solicitor, U. S. Department of Labor, Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee Theodore Britton.

Paul J. Sedgwick, Washington, D. C., was on the brief for appellees William C. Voight and Great American Indemnity Company.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

1. U.S.Const. Art. IV, § 1.

2. Maryland Code, Art. 101, Cum.Supp. 1947.

3. Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44

PROCTOR, Circuit Judge.

This appeal presents the question whether, under the full faith and credit clause of the Constitution,[1] an award of death benefits under the Maryland Workmen's Compensation Law[2] bars a recovery under the District of Columbia Workmen's Compensation Act.[3]

John Edward Gasch, residing in Maryland, was hired in the District of Columbia by William C. Voight, a plumbing contractor, whose place of business was in said District. The business was carried on there and in the adjoining states of Maryland and Virginia. Gasch was killed while engaged on a job in Maryland. His widow, for herself and two minor children, filed claim for death benefits under Maryland's Compensation Law. All allowable benefits were awarded. After receiving a few payments Mrs. Gasch petitioned the Maryland Commission to vacate the order. The petition was denied and the order affirmed. No appeal was taken from either order and the award became final. Mrs. Gasch, for herself and the children, followed with a claim before appellee Britton, Deputy Commissioner for the District of Columbia, for the larger benefits allowable under the District's Compensation Act, subject to credit for the amount of the Maryland award. This claim was based upon the fact that the employment contract was entered into in the District and the contention that the Maryland award did not bar further recovery therein. Although the Deputy Commissioner found that the contract of hiring was in the District and that Gasch's death arose out of and in the course of employment, he ruled that the Maryland award was final and "entitled to full faith and credit under Article IV, Section 1 of the Constitution of the United States." Mrs. Gasch, for herself and the children, then filed suit in the District Court against the Deputy Commissioner to compel allowance of an award in accordance with the Dis-

Stat. 1424, as amended, 33 U.S.C.A. § 901 et seq., made applicable to the District of Columbia as a Workmen's Compensation Law by Act of May 17, 1928, c. 612, § 1, 45 Stat. 600, D.C.Code 1951, § 36-501.

trict of Columbia Compensation Act, subject to credit for the amount of the Maryland award. The District Court held the decision in Magnolia Petroleum Co. v. Hunt, 1943, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, controlling and dismissed the action upon the ground that the Maryland award was res judicata and entitled to full faith and credit in the District of Columbia.

Appellants contend that the Maryland award was final and conclusive only as to their rights in that State; that it did not create a bar to their claim in the District of Columbia. They rely upon Industrial Commission of Wisconsin v. McCartin, 1947, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140, as supporting their position. They go so far as to insist that McCartin overrules the Magnolia Petroleum Co. decision. We think that is not so. McCartin complements, rather than opposes the earlier decision. It held that an award under Illinois' Compensation Law did not exclude a further claim under Wisconsin's Law. The Magnolia Petroleum Co. case involved an award under the Texas Compensation Act, which was held to exclude a further recovery under Louisiana's statute. The McCartin decision clearly distinguishes the two cases thus:

> "If it were apparent that the Illinois award was intended to be final and conclusive of all the employee's rights against the employer and the insurer growing out of the injury, *the decision in the Magnolia Petroleum Co. case would be controlling here.* [Emphasis added.] The·Court there found that the compensation award under the Texas Workmen's Compensation Law, was made explicitly in lieu of any other recovery for injury to the employee, precluding even a recovery under the laws of another state. * * * And since the Texas award had the de-

gree of finality contemplated by the full faith and credit clause, it was held that Louisiana was constitutionally forbidden from entering a subsequent award under its statute. But we do not believe that the same situation exists in this case, the Illinois award being different in its nature and effect from the Texas award in the Magnolia case".[4]

Without suggesting any disagreement with the Magnolia decision, the Court held the McCartin award under the Illinois statute was not completely exclusive, as was the award under the Texas Law in the Magnolia case, in that the Illinois statute, although precluding right of action against an employer under the Illinois common law or Personal Injuries Act, did not exclude recovery in another state for injuries received there in the course of an Illinois employment. A similar contention is made here by appellants with respect to the Maryland Law.

Turning to the preamble of the Maryland Act in force at the time of the Gasch award,[5] we find it declaring that all phases of extra-hazardous employment[6] are "withdrawn from private controversy, and sure and certain relief for workmen injured in extra-hazardous employments and their families and dependents are hereby provided for, regardless of questions of fault and *to the exclusion of every other remedy, except as provided in this Act.*"[7] (Emphasis added.) In respect to the liability imposed upon employers, it is provided that "The liability * * * shall be exclusive," except where an employer fails to secure payment of compensation as provided in the Act.[8] In prescribing the rates of compensation payable to beneficiaries there is the significant provision that "except as in this Article otherwise provided, *such payment shall be in lieu of any and*

---

4. 1947, 330 U.S. 622, 626, 67 S.Ct. 886, 889, 91 L.Ed. 1140, 1143.

5. Supra, note 2.

6. Plumbing, in which Gasch was employed, is listed as an extra-hazardous employ-

ment. Maryland Code, Art. 101, §§ 13 and 42, Cum.Supp.1947.

7. The exceptions have no relation to the facts in the Gasch case.

8. Maryland Code, Art. 101, § 14, Cum. Supp.1947.

*all rights of action whatsoever against any person whomsoever."* [9] (Emphasis added.)

Questions concerning the purpose and effect of the exclusionary provisions referred to above had been before the Maryland Court of Appeals on several occasions[10] prior to the case of Victory Sparkler & Specialty Co. v. Francks, 1925, 147 Md. 368, 128 A. 635, 637, 44 A.L.R. 363. That appeal was from a judgment[11] for damages for personal injuries to an employee from "phosphorus poisoning" caused by negligence of the employer. After quoting in full the provisions of the Act, the court said:

"When these various sections are considered together, in connection with the preliminary paragraphs of the act, the meaning is so clear and unmistakable that it would be a denial of the legislative purpose to strike their plain terms from the statute by judicial construction. An exact parallel in facts with this case is not found in the reported decisions of this tribunal, but whenever this court has spoken on any phase of this subject, it has uniformly said that, aside from the exceptions created by the act itself, *the operation of the law is exclusive of all other remedy and liability, with respect to both the employer and employee,* engaged in hazardous employments, in regard to all injury arising out of and in the course of the employment." [12] (Emphasis added.)

Continuing, the court said:

"The case at bar is not within any of the exceptions specified by the act. The appellant had fulfilled all its obligations under the act, and it was en-gaged in an extra-hazardous occupation. The girl was its employee, who had sustained an injury arising out of and in the course of this employment, and *her sole remedy was under the terms of the Workmen's Compensation Law.* She accepted this situation as a statutory term of her employment when she became the servant of the appellant." [13] (Emphasis added.)

In dealing with a contention that the Act was limited to accidental injuries and that as to all other injuries the common law remedies remained, the court pointed out that "The contention does not meet the provisions of section 14, which first impose the employer's obligation to pay compensation, and then affirm that this liability of the employer 'shall be exclusive;' i. e., *exclusive of all other liability as an employer to his employee, save as by the act indicated."*[14] (Emphasis added.)

Concerning decisions of other appellate tribunals, which had reached different conclusions, the court commented that they "were controlled by the wording of their own respective statutes, which will be found to be substantially different from the Maryland act either in phrasing, in additional or in omitted provisions in respect to or affecting the subject under discussion." [15] The court added, "If the decisions of these courts were adopted, the Maryland act would undergo an amendment by judicial construction through ingrafting upon it the effect of the particular provisions of the foreign acts." [16]

■ True, this Maryland case did not directly involve the effect of an award in that State upon a claim for compensation in another jurisdiction, as does the case at

9. Id. § 35.

10. Jirout v. Gebelein, 1923, 142 Md. 692, 121 A. 831; Hagerstown v. Schreiner, 1920, 135 Md. 650, 109 A. 464; Solvuca v. Ryan & Reilly Co., 1917, 131 Md. 265, 101 A. 710; Id., 1916, 129 Md. 235, 98 A. 675; Adleman v. Ocean Accident & Guarantee Co., 1917, 130 Md. 572, 101 A. 529.

11. The judgment was for $22,500, a larger sum than allowable under the Compensation Act.

12. The court then lists the cases in footnote 10, supra.

13. 1925, 147 Md. 368, 376, 128 A. 635, 637.

14. 1925, 147 Md. 368, 376, 128 A. 635, 638.

15. Ibid.

16. Ibid.

bar. So, in a strict sense, it may be challenged as dictum,—yet considered dictum. The court was directly concerned with the meaning and effect of the exclusionary provisions of the Act as they bore upon the extent of and limitations on the rights and liabilities of employer and employee. Hence, the court's assertion that, aside from exceptions created by the Act "operation of the law is exclusive of all other remedy and liability, with respect to both employer and employee," is strongly persuasive, even though we may not be bound to accept it. The unanimous opinion, thus expressed, is a clear exposition of the statute by the highest court of the State; not in conflict with any of its other decisions. It meets the criterion of "clearly considered dictum as distinguished from mere comment in the nature of obiter", and should, we think, be regarded in that light. Home Royalty Ass'n v. Stone, 10 Cir., 1952, 199 F.2d 650, 654, wherein reliance is placed upon Hawks v. Hamill, 1933, 288 U.S. 52, 59, 53 S.Ct. 240, 243, 77 L.Ed. 610, 617. There, Justice Cardozo, speaking for the entire Court concerning *considered dictum,* said, "It has capacity, though it be less than a decision, to tilt the balanced mind toward submission and agreement."
See also Badger v. Hoidale, 8 Cir., 1937, 88 F.2d 208, 109 A.L.R. 798; and National Bank of Oxford v. Whitman, C.C.S.D. N.Y.1896, 76 F. 697. Although the Victory Sparkler case lends strong support to our opinion that the Maryland Act is completely exclusive, still without that decision our conclusion would be the same.

Counsel make a special point of a provision in § 67(3) of the Act, and insist that it indicates the non-exclusive character of a Maryland award. That section, after defining the term "employee," reads in part as follows:

"But for all purposes of this Article [the Act], casual, occasional or incidental employments outside of this State by the Maryland employer of an employee or employees regularly employed by said employer within this State shall be construed to be employ-

ment within this State; *provided, however, if an employee or the dependents of an employee shall receive compensation or damages under the laws of any other State, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Article."*[17] (Emphasis added.)

We cannot see that the proviso lends any support to appellants' contention. It relates to a situation exactly the reverse of that presented by the instant case. Here the question is, can an employee, or his beneficiaries, claim compensation in another jurisdiction after receiving an award in Maryland? Not a word in the Maryland Act authorizes such action. On the contrary, as we have shown, clear and positive provisions foreclose it.

■■ We do think that the Act manifests a purpose to assure to a Maryland employee, so far as legally possible, the full amount of compensation which it provides, even if an award has been obtained in another State for a lesser sum. Yet, whether in such a case the difference can be legally claimed under § 67(3) would hinge upon the effect of the first award. For, if it was made under a statute which precluded any further recovery for the same injury, it is clear from the Magnolia and McCartin decisions, that the award would stand as a bar to a second claim in Maryland. So too, if under the Maryland Act the Gasch award operated as a final and conclusive determination of all rights against the employer and insurer growing out of the fatal injury to Mr. Gasch, it stands as a bar to any further recovery under the District of Columbia Compensation Act. We think the proviso is in complete harmony with the restrictive clauses to which reference has been made. Together they reflect a legislative design to assure to an employee the full benefits provided by the Act, and to the employer that the benefits so prescribed shall mark the limit of his liability. What other meaning can be ascribed to the clause that "nothing

17. Maryland Code, Art. 101, § 67(3), Cum.Supp.1947.

herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Article [the Act]." This clause with the other parts of the Act declaring the liability of the employer to be "exclusive"; the relief provided to be "to the exclusion of every other remedy", and payment of such relief to be "in lieu of any and all rights of action whatsoever against any person whomsoever", imposes upon us the conclusion that the language of the Maryland Court of Appeals in the Victory Sparkler case applies with equal force to the case at bar. There, as we have shown, the court in holding "operation of the law" to be "exclusive of all other remedy and liability" as to employer and employee, declared the meaning of the exclusionary clauses to be "so clear and unmistakable that it would be a denial of the legislative purpose to strike their plain terms from the statute by judicial construction."

Judgment of the District Court is

Affirmed.

FAHY, Circuit Judge, dissenting.

In my opinion neither the Maryland statute nor the full faith and credit clause of the Constitution excludes an additional award under the District of Columbia statute, provided the award made in Maryland is credited upon it. In Industrial Comm'n v. McCartin, 1947, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140, the Supreme Court held the Illinois award there involved to be final and conclusive only as to rights arising in Illinois, Wisconsin being free to make compensation in accord with its own laws, 330 U.S. at page 630, 67 S.Ct. 886. It seems to me there is no pertinent difference between the Maryland statute and that of Illinois construed in the McCartin case. The Maryland statute accordingly should be construed as exclusive only as to the right or remedy in Maryland, which is all I think was decided in Victory Sparkler Co. v. Francks, 1925, 147 Md. 368, 128 A. 635, 44 A.L.R. 363. If this is so then the case before us is not controlled by Magnolia Petroleum Co. v. Hunt, 1943, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149.