THE STATE OF INDIANA ON THE RELATION OF THEODORE L. SENDAK, ATTORNEY GENERAL OF INDIANA *v.* THE MARION COUNTY SUPERIOR COURT, ROOM NO. 2, AND THE HONORABLE WEBSTER L. BREWER, JUDGE.

[No. 1177S779. Filed March 7, 1978.]

4

*Theodore L. Sendak,* Attorney General, *Donald P. Bogard, David A. Arthur,* Deputy Attorneys General, for relator.

*Patrick E. Chavis, III, Timmons, Endsley, Chavis, DuMond & Baker,* of Indianapolis, *James B. Young, Young, Huddleston & Combs,* of Franklin, for respondents.

### ORIGINAL ACTION

GIVAN, C.J.—On September 23, 1977, plaintiffs in the cause of action below (*A-1 Beverage Company, Inc., et al.* v. *Indiana Alcoholic Beverage Commission, et al.,* Cause No. S. 277-1106) filed a complaint for declaratory and injunctive relief against the Alcoholic Beverage Commission (ABC), and its individual members in their official capacity. On October 3, Theodore L. Sendak, Attorney General of Indiana, by deputy, entered his appearance on behalf of all defendants. The following day James B. Young, pursuant to a request from the Governor of Indiana, entered an appearance on behalf of all defendants. On October 20, "Defendants' Response to Request for Admissions" was filed, signed by James B. Young as one of the attorneys for the defendants. The next day the Attorney General filed a motion to strike the appearance of James B. Young and to strike "Defendants' Response to Request for Admissions." On October 24, the Attorney General filed a

"Response to Request for Admissions." This response was approved by Bruce W. McLaren, Acting Executive Secretary of the ABC. Memoranda were submitted and oral argument was heard on the motion to strike. Thereafter, on November 2, the motion was overruled by the trial court.

The Attorney General filed a Petition for Writ of Mandate and Prohibition asking this Court to order the trial court to vacate its prior order and grant the motion to strike. Argument was heard by this Court on November 3, 1977, and a temporary writ was issued. The question of law upon which the issuance of a permanent writ lies is whether the Governor can hire private counsel to represent a State agency without obtaining the consent of the Attorney General.

Relator contends that a writ is the only proper remedy here. Actions for writ of mandate and prohibition are viewed with disfavor and are confined to "cases of clear and obvious emergency where the failure of this Court to act would result in substantial injustice." *State ex rel. Gibson General Hospital* v. *Warrick Cir. Ct.,* (1966) 247 Ind. 240, 244, 214 N.E.2d 655, 658. In the case at bar an emergency clearly exists in that substantial prejudice to the Attorney General's efficacy in defending his statutory client, the ABC, would have resulted had this Court not acted. This is not a question of judicial discretion, but a question of the lawful authority of the trial court to overrule the Attorney General's motion to strike the appearance of James B. Young. We hold that a writ is a proper remedy in this case. See *State ex rel. Beatty* v. *Nichols,* (1954) 233 Ind. 432, 120 N.E.2d 407.

The office of the Attorney General was re-created by the Indiana Legislature in 1943, in order to give the State independent legal representation and to establish a general legal policy for State agencies. *Indiana State Toll Bridge Commission* v. *Minor,* (1957) 236 Ind. 193, 139 N.E.2d 445. The Attorney General is charged with the responsibility of defending the State and its officers and em-

ployees when sued in their official capacities. IC § 4-6-2-1, 1.5 [Burns 1974]; *State ex rel. Young* v. *Niblack*, (1951) 229 Ind. 596, 99 N.E.2d 839. No State agency is permitted to hire another attorney to perform legal services unless the Attorney General renders his written consent. IC § 4-6-5-3 [Burns 1974].

Respondents argue this case is within the statutory exception to the consent requirements in IC § 4-6-5-6(b)(4). That section states that the statute does not apply where a constitutional officer is, by law, made a board, bureau, commission, department, agency or instrumentality of the State. However, the Governor of Indiana is not by law made the Alcoholic Beverage Commission. The ABC is a separate entity of the government. IC § 7.1-2-1-1 [Burns Supp. 1977]. Thus the exception does not apply.

Second, respondents contend the ABC is not a part of the State in its "corporate, sovereign capacity" and that it should be permitted to hire an outside attorney as was the Toll Bridge Commission in the *Minor* case. On the contrary, the ABC is an entity of the State government in its "corporate, sovereign capacity" and is not a public corporate entity separate from the State. IC § 7.1-2-1-1 [Burns Supp. 1977]. Therefore the consent statute is in full force and effect against the ABC and its members, requiring them to obtain the consent of the Attorney General before hiring another attorney.

This is not to say, however, that public officials cannot hire outside counsel at their own expense to protect their personal interests. This right is longstanding and was codified by the legislature in IC § 4-6-2-1.5 [Burns 1974]. Notwithstanding this right to private counsel, when the suit involves State officers or employees in their official capacities, the outside attorney may only act as an *amicus curiae* unless the Attorney General consents. See *State ex rel. Young* v. *Niblack, supra.* The Attorney General is charged

by law with defending State agencies, officers and employees, and must, of necessity, direct the defense of the lawsuit in order to fulfill his duty to protect the State's interests.

Respondents further contend that IC § 34-4-16.7-1 [Burns Supp. 1977] gives State officials the right to employ private counsel and then be reimbursed by the State. However, this statute applies only where the public employee could be subject to personal civil liability for an official act which violates the civil rights laws of the United States. The cause of action here involves neither personal civil liability nor a violation of civil rights laws. Thus this statute is inapplicable.

Respondents also contend that the enforcement of the consent requirement here violates IC § 4-3-1-2 [Burns 1974], which gives the Governor the power to employ counsel in litigation where the State has an interest. The relator contends that the 1941 Act re-creating the Attorney General as an elected officer superseded this statute.

When two statutes are in conflict the earlier statute will be impliedly repealed and the latter enactment will control. *Houtchens* v. *Lane,* (1965) 246 Ind. 540, 206 N.E.2d 131. In 1852, the legislature passed what is now IC § 4-3-1-2 [Burns 1974], at a time when there was no Attorney General in this State. The office of the Attorney General was created by a series of later statutes, beginning in 1889. These statutes as a whole, and particularly IC § 4-6-2-1,1.5 and IC § 4-6-5-3, must be construed as giving the Attorney General the sole responsibility for the legal representation of the State. There clearly is an irreconcilable conflict between the statute giving the Governor the power to employ counsel in litigation and the statute setting forth the duties of the Attorney General and hence the latter enactments must prevail. Therefore, to the extent that IC § 4-3-1-2 is inconsistent with the Attorney General's duties as prescribed by law, it must be disregarded.

Finally, respondents contend that the consent requirement is unconstitutional because it conflicts with the Governor's

constitutional responsibility to exercise executive power. We recognize that the executive power of the government is vested not in the various departments and agencies, but in the Governor alone. *Tucker* v. *State*, (1941) 218 Ind. 614, 35 N.E.2d 270. However we see no relationship between the execution of executive power and the legal defense of a lawsuit against the State. In defending a lawsuit the Attorney General is not dictating policy or directing the State, but is merely defending the State. Furthermore, the legislature has chosen to vest the responsibility for the legal representation of the State in the Attorney General. This Court cannot disregard so clear an expression of that body.

We therefore hold that the statute is constitutional and does not infringe upon the executive power vested in the Governor.

The temporary writ of mandate and prohibition is hereby made permanent.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., dissents without opinion.

NOTE.—Reported at 373 N.E.2d 145.