Vickie SMITH, Defendant-Appellant,

v.

STATE of Indiana, ex rel. MEDICAL LICENSING BOARD OF INDIANA, Plaintiff-Appellee,

and

Debbie Geer, Defendant-Appellee.

No. 2–683A204.

Court of Appeals of Indiana, Second District.

Feb. 7, 1984.

Robert V. Bridwell, Haymaker, Hirsch & Fink, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Gerald A. Coraz, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge, Writing by Designation.

## STATEMENT OF THE CASE

Appellant Vickie Smith appeals from the Marion Superior Court's grant of summary judgment in favor of appellee, the State of Indiana on the relation of the Medical Licensing Board of Indiana, and from the grant of permanent injunction against Smith. We affirm.

## FACTS

The State of Indiana, on the application of the Medical Licensing Board, brought an action against Vickie Smith and another, seeking to permanently enjoin both individuals from practicing medicine and midwifery without the proper licenses. Pending the outcome of the substantive portion of the case, the parties agreed to a temporary injunction to prohibit Smith from performing certain acts and the court so ordered. The parties subsequently filed cross motions for summary judgment. The lower court granted the state's motion and permanently enjoined Smith from practicing medicine or midwifery without a license. It is from this judgment that Smith now appeals.[1]

## ISSUES

Appellant presents three issues on appeal. Rephrased, they are as follows:

1. Did the lower court err in concluding that the acts of Smith constituted the unauthorized practice of medicine?

2. Are the statutes sought to be enforced by the state unconstitutionally vague?

3. Is the lower court's judgment supported by its findings and conclusions?

## DISCUSSION AND DECISION

*Issue One*

The appellant's acts constituted the unauthorized practice of medicine.

■ It is unlawful to practice medicine in this state without holding a valid license to do so, Indiana Code section 25–22.5–8–1 (1982), and an action may be brought in the name of the state on the petition of the complainant to enjoin the unlawful practice of medicine, Indiana Code section 25–22.5–8–4 (1982). The practice of medicine is defined, in part, as "holding oneself out to the public as being engaged in the diagnosis, treatment, correction or prevention of any disease, ailment, defect, injury, infirmity, deformity, pain or *other condition* of human beings, or the suggestion, recommendation or prescription or administration of any form of treatment, without limitation...." Ind.Code § 25–22.5–1–1.1(a)(1) (1982) (emphasis supplied). This court has previously noted that "[p]regnancy is the existence of the *condition* beginning at the moment of conception and terminating with delivery of the child." *Lutheran Hospital of Fort Wayne, Inc. v. Department of Public Welfare of Allen County,* (1979) Ind.App., 397 N.E.2d 638, 643 (emphasis supplied). Accordingly, it is clear that the

---

1. We call to appellant's counsel's attention *Young v. Van Zandt,* (1983) Ind.App., 449 N.E.2d 300, 302 n. 1, wherein we noted that a verbatim inclusion, in the brief on appeal, of the motion to correct errors and the brief in support thereof is unnecessary. These items are properly a part of the record on appeal and should, accordingly, remain therein unless some part thereof is at issue between the parties. If counsel, nevertheless, feels compelled to include such items *in toto,* they should be included at the end of the brief in the form of an appendix.

treatment of pregnancy would constitute the practice of medicine.

In the instant case, Smith admitted, and the court found, that she had conducted manual, internal vaginal examinations, pelvic measurements, examinations for fluid retention, cervical examinations and dialations, monitoring of fetal heartbeats, uterine measurements, and examinations of blood and urine. Smith also admitted assisting women in childbirth. She further prescribed certain vitamins for pregnant women under her care and advised such women concerning their diets during pregnancy. While it would generally be a question of fact on a motion for summary judgment as to whether certain conduct constituted the practice of medicine, here we can say that the extensive prenatal care and actual deliveries performed by Smith did indeed constitute the practice of medicine as a matter of law. Because Smith admits that she has never been licensed to practice medicine in this state, we must conclude that the lower court properly granted the state's motion for summary judgment based upon Smith's unauthorized practice of medicine. The permanent injunction against such unauthorized practice was, therefore, also properly granted.

The lower court also concluded that Smith's acts constituted the practice of midwifery and thereupon also enjoined her from practicing midwifery as well. Appellant contends that because midwifery is not defined by statute as the practice of medicine, the state cannot enjoin its practice pursuant to Indiana Code sections 25–22.5–8–1, 4 (1982). The state argues that a license to practice midwifery pursuant to Indiana Code section 25–22.5–5–5 (1982) is a limited license to practice medicine. The practice of midwifery without a license, it is argued, is, therefore, the unauthorized practice of medicine. We agree with the state's position.

Midwives must be granted "a limited license which allows [them] to practice only midwifery in this state." Ind.Code § 25–22.5–5–5 (1982). Smith correctly notes that

the licensing statute does not expressly describe midwifery as the practice of medicine. However, our construction of the applicable statutes leads us to the conclusion that midwifery does constitute the limited practice of medicine.

It is well settled that where a statute is ambiguous or unclear, this court may construe the provisions of that statute. *Dague v. Piper Aircraft Corp.*, (1981) Ind., 418 N.E.2d 207, 210; *Wright v. Reuss*, (1982) Ind.App., 434 N.E.2d 925, 929; *Sue Yee Lee v. Lafayette Home Hospital, Inc.*, (1980) Ind.App., 410 N.E.2d 1319, 1322–23, *trans. denied* (1981). This court will always construe the statute in question so as to give effect to the apparent intent of the legislature. *Dague*, 418 N.E.2d at 210; *State v. Kokomo Tube Co.*, (1981) Ind.App., 426 N.E.2d 1338, 1345. In construing the statute, we may not view it in isolation, but must ascertain its effect and application by viewing it in context with the entire act. *Paul v. Metropolitan School District of Lawrence Township*, (1983) Ind.App., 455 N.E.2d 411, 412–13. *See also Foremost Life Insurance Co. v. Department of Insurance*, (1980) Ind., 409 N.E.2d 1092, 1096 (on appeal court will construe provisions so as to give effect to entire statute). Further, we will accord words their plain meaning. *State ex rel. Southern Hills Mental Health Center, Inc. v. Dubois County*, (1983) Ind.App., 446 N.E.2d 996, 1001; *State ex rel. Van Buskirk v. Wayne Township, Marion County*, (1981) Ind.App., 418 N.E.2d 234, 241. Beyond the statute's language, we may also look to titles and headings of statutes in determining the intent of the legislature. *Pry v. Pry*, (1947) 225 Ind. 458, 468, 75 N.E.2d 909, 913. Our construction of the statutes in the instant case leads us to the conclusion that the legislature did intend to include midwifery within the ambit of the practice of medicine.

Although not defined in the code, when given its plain and ordinary meaning, a midwife is "a woman who assists at childbirth." Black's Law Dictionary 1143 (rev. 4th ed. 1968). Childbirth is the cessa-

tion or termination of the condition known as pregnancy. The treatment of that condition involves the practice of medicine, as we have already noted.

Indiana Code section 25–22.5–5–5 (1982) deals with the licensing of midwives. It states, in pertinent part:

"[The applicant must apply for and] receive *a limited license* which allows him to practice only midwifery in this state. *An applicant for a midwifery license must meet all registration requirements which are required for applicants for physicians' licenses in this article. A midwifery licensee is subject to suspension, revocation, retirement or surrender for the same reasons as provided in the case of physicians' licenses.* [Emphasis supplied.]"

The statute sets out the midwife's limited license requirement in clear distinction to the physician's unlimited license to practice medicine, as set out in Indiana Code sections 25–22.5–1–1.1, 2 (1982). To read the statute in any other manner, would be to presume that the "limited license" language was without effect. This we will not do. *Combs v. Cook,* (1958) 238 Ind. 392, 397, 151 N.E.2d 144, 147 (it is not to be presumed that any part of an act is meaningless and effect must be given to every word and clause if possible). We also note that midwives are included within Title 25, article 22.5 entitled "PHYSICIANS". We consider this to be yet another indication of the legislature's intent. Therefore, although it is not expressly stated as such, it is clear that the legislature intended to include midwifery within the practice of medicine, as a limited form thereof. Accordingly, we conclude that the practice of midwifery without a license would constitute the unauthorized practice of medicine. Because appellant admits that she never

possessed a midwife's license, the lower court properly granted the state's motion for summary judgment based upon Smith's unauthorized practice of midwifery. The permanent injunction against such unauthorized practice was, therefore, also properly granted.

Appellant argues that because Indiana Code section 25–22.5–5–5 does not define the practice of midwifery, the Medical Licensing Board is bound by the definition of midwife as promulgated in 844 Indiana Administrative Code 3–1–2 (Supp.1983).[2] That section states, in part, that "[t]he practice of nurse-midwifery embodies the practice of professional nursing...." *Id.* Continuing, Smith notes that Indiana Code section 25–22.5–1–2(k) excludes nurses from the purview of Indiana Code section 25–22.5–1–1.1 as far as it relates to the unlawful practice of medicine. However, Indiana Code section 25–22.5–1–2(r) states that nurses "shall not be excluded if they perform any act not otherwise authorized them by the laws of this state *when such act qualifies in whole or in part as the practice of medicine....*" *Id.* (emphasis supplied). Because we conclude that appellant's acts constitute the practice of medicine, the nurses' exclusion contained in section 25–22.5–1–2(k) is inapplicable in the instant case by the express language of section 25–22.5–1–2(r).[3] We deem appellant's argument to be of no moment, therefore.

Appellant also argues that the lower court lacked subject matter jurisdiction because the appellee failed to bring itself within the provisions of Indiana Code section 25–22.5–8–4 (1982). We cannot agree. That section states:

"The attorney general, prosecuting attorney, the board or any citizen of any county where any person engages in the

---

**2.** We note that the "definition" of midwife is found in 844 Indiana Administrative Code 3–1–1 (Supp.1983). That section, which is encaptioned "Definition of term nurse-midwife," states, in part, that "[t]he term nurse-midwife as used in these rules ... shall be synonymous with the term midwife as used in [Indiana Code section 25–22.5–5–5] since U.S. schools that

teach midwifery matriculate only registered nurses as students." *Id.*

**3.** We also note that nowhere does Smith's brief indicate that she is in fact a nurse so as to fall within the initial purview of the statute. Neither does the brief indicate where in the record we might find that Smith was actually a nurse.

practice of medicine or osteopathic medicine without a license or a permit to do so, may, according to the laws of Indiana governing injunctions, maintain an action in the name of the state of Indiana to enjoin the person from engaging in the practice of medicine or osteopathic medicine."

Appellant correctly notes that "[i]t is the general rule of law, that statutory provisions requiring an action to be brought in the name of the State on the relation of an interested party are mandatory and must be followed exclusively." *Keller v. Reynard,* (1967) 140 Ind.App. 468, 471, 223 N.E.2d 774, 777, *trans. denied. Accord Marhoefer Packing Co., Inc. v. Indiana Department of State Revenue,* (1973) 157 Ind.App. 505, 524, 301 N.E.2d 209, 219, *trans. denied* (1974) (where legislature has prescribed a procedure to be followed in order to effect a remedy, that procedure must be strictly followed). However, here it is patently clear that the state attorney general correctly brought the instant action on the relation of the Medical Licensing Board in order to enjoin Smith's activities pursuant to the statute. The statutory procedure was strictly adhered to. Appellant's argument is without merit.

Appellant next argues that there was no delegation of legislative authority to the board to define the term midwife. We initially note that Smith relied upon the board's definitions in arguing that nurses were excluded from the purview of Indiana Code section 25–22.5–1–1.1(a). Accordingly, Smith would now be estopped from arguing that the Board had no authority to define the term. That notwithstanding, however, even if the board had no authority, as Smith contends, Smith's argument would present no question for our consideration. Because we construe the legisla-

ture's statutes, as opposed to the board's regulations, in arriving at our conclusion that midwifery constitutes the limited practice of medicine, we need only be able to determine the intent of the legislature as manifested by the language of the statutes. This we are able to do. Whether or not the board was delegated any definitional powers is of no moment in the resolution of the issues on appeal.

 Smith finally argues that, in view of the criminal penalties associated with the unlawful practice of medicine, the applicable statutes must be strictly construed against the state. Smith is correct in noting that statutes penal in nature must be strictly construed against the state. *Pennington v. State,* (1981) Ind., 426 N.E.2d 408, 410. However, such statutes must not be construed so narrowly as to exclude cases fairly covered thereby. *Wallman v. State,* (1981) Ind.App., 419 N.E.2d 1346, 1348. Smith's argument for strict construction would remove midwifery from the practice of medicine because midwifery is not expressly stated to involve the practice of medicine. This would engender an absurd result and render meaningless certain portions of the applicable statutes. In light of the evidence of the legislature's intent to include midwifery within the ambit of the practice of medicine, and endeavoring to give effect to every portion of the statute, we conclude that a strict construction would result in the exclusion of a case fairly covered by the statute.[4]

*Issue Two*

Appellant's second argument is waived.

In her second issue, Smith attacks the constitutionality of Indiana Code section 25–22.5–5–5. However, because appellant

4. Our supreme court has noted that the Medical Practice Act (the precursor to the current act), while defining certain violations as misdemeanors and fixing penalties therefor, was not a criminal statute, and such provisions were merely an aid to the enforcement of the primary purpose of the act which was the protection of the public. *Dean v. State ex rel. Board of Medical Registration & Examination of Indiana,*

(1954) 233 Ind. 25, 28, 116 N.E.2d 503, 505. Although the current act contains both felony and misdemeanor provisions, its primary purpose is the regulation of the practice of medicine, not the prevention and punishment of crime. Accordingly, the rationale of *Dean* would also enable this court to forgo strict construction of the statutes in question.

raised no such claim in her motion to correct errors, we deem this argument to be waived on appeal. *Fleetwood Corp. v. Mirich*, (1980) Ind.App., 404 N.E.2d 38, 47; *Matter of Adoption of Lockmondy*, (1976) 168 Ind.App. 563, 570, 343 N.E.2d 793, 796.

*Issue Three*

The lower court properly granted the state's motion for summary judgment.

Appellant contends that the lower court's findings are fatally defective insofar as they fail to specifically find that any of the conduct engaged in by Smith constituted the practice of medicine. While it is true that the court did not make any such express statement in its findings of fact, the court's judgment does state that Smith is

"permanently enjoined from engaging in any and all acts constituting the practice of medicine ... or midwifery. Specifically, [she] shall not conduct ... the following acts:

(a) Internal examinations (by hands) of the vagina;

(b) Blood pressure examinations;

(c) Pelvic measurements;

(d) Examinations for fluidic retention;

(e) Examination of urine specimens;

(f) Examinations and recordations of weight;

(g) Family medical histories;

(h) Examinations of the cervix;

(i) Cervic dialations;

(j) Fetal heartbeat monitoring;

(k) Uterus measurements;

(*l*) Blood strip tests;

(m) Prenatal care for any pregnant woman;

(n) Dispense or prescribe any medication or drug;

(o) Deliver or assist in the delivery of any human child or fetus."

Record at 187–88. The court's judgment clearly states that the acts specified by the court and committed by Smith constituted the practice of both medicine and midwifery. The lack of such a statement in the findings of fact does not make such findings fatally defective as appellant claims.[5]

Because Smith admitted to committing the aforementioned acts without concurrently holding either a valid unlimited physician's license or a valid limited midwife's license, the lower court properly concluded that Smith had unlawfully practiced medicine without a license pursuant to Indiana Code section 25–22.5–8–1, and, therefore properly granted the state's motion for summary judgment. Finding that the lower court correctly applied the law,[6] we affirm the grant of summary judgment and the court's order of permanent injunction based thereon.

Affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.

---

5. The court's judgment is tantamount to a finding that the acts of Smith constituted the unlawful practice of medicine and midwifery without a license.

6. Appellant does not allege the existence of any genuine issues of material fact. We, therefore, look only to whether the law was correctly applied. *Smith v. P. & B. Corp.*, (1979) 179 Ind.App. 693, 695, 386 N.E.2d 1232, 1234, *trans. denied.*