**LOWELL HEALTH CARE CENTER,**
**Appellant–Defendant,**

v.

**Ruth Opal JORDAN, Appellee–Plaintiff.**

No. 93A02–9402–EX–68.

Court of Appeals of Indiana,
Second District.

Oct. 26, 1994.

Transfer Denied Feb. 2, 1995.

Donald S. Smith, Barry C. Paige, Riley, Bennett & Egloff, Indianapolis, for appellant.

A. James Sarkisian, Allen & Sarkisian, Valparaiso, for appellee.

## *OPINION*

KIRSCH, Judge.

## STATEMENT OF THE CASE

Lowell Health Care Center appeals an award of Worker's Compensation to Ruth Opal Jordan. Lowell raises one issue for review which we restate: Did the Worker's Compensation Board err in construing two sections of the Indiana Worker's Compensation Act to award benefits to Jordan in excess of 500 weeks?

We affirm.

## FACTS AND PROCEDURAL HISTORY

Lowell is a residential healthcare facility. Jordan began working at Lowell as a nursing assistant on August 29, 1988. On March 12, 1990, Jordan injured her back when she attempted to lift a wheelchair-bound resident. Lowell confirmed that Jordan's injury occurred in the scope of her employment, accepted the accident as a compensable injury and began paying medical expenses and temporary total disability payments.

For twenty-two months, Jordan received on-going treatment for her back injury. On January 15, 1992, she had surgery. Following this surgery, her physician issued a permanent partial impairment rating of thirty-five percent of the body as a whole. The physician also stated that Jordan was permanently and totally disabled and was incapable of returning to employment. A physician hired by Lowell agreed.

Jordan filed an application for adjustment of claim with the worker's compensation board on March 15, 1992. The parties stipulated that (1) Lowell had paid all medical bills relating to Jordan's back injury; (2) Jordan had reached maximum medical improvement, i.e., her injury was permanent and quiescent; and (3) Lowell had paid temporary total disability benefits for 141⅞ weeks at the rate of $88.02 per week.

At the hearing on her application, Jordan contended that Lowell was obligated to pay her 78 weeks of temporary total disability and 500 weeks of total permanent disability for a total of 578 weeks. Jordan also stated that Lowell was entitled to a credit for 63⅞ weeks of temporary total disability payments. Lowell contended that Jordan was entitled to 500 weeks of total disability, including both temporary and total permanent disability payments, and that it was entitled to a credit for 141⅞ weeks of payments.

Based on the stipulated facts, a single hearing officer for the Board ruled:

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Worker's Compensation Board of Indiana that there be awarded Plaintiff as against Defendant five hundred (500) weeks of compensation at the rate of Eighty–Eight

and 02/100 Dollars ($88.02) for her permanent total disability.

"IT IS FURTHER ORDERED that Defendant is entitled to a credit of sixty-three and three-seventh (63⅜) weeks credit against said award, or Five Thousand Five Hundred Eight–Two and 97/100 Dollars ($5,582.97).

"IT IS FURTHER ORDERED that pursuant to the parties agreement to a lump sum payment with the statutory reduction of three percent (3%), Plaintiff shall receive a lump sum payment of Thirty–Seven Thousand Two Hundred Seventy–Four and 02/100 Dollars ($37,274.02)."

*Record* at 31–32. Lowell filed an application for review by the full Board. The Board heard oral argument on the matter and adopted the hearing officer's decision. From this decision, Lowell now appeals.

## DISCUSSION AND DECISION

When reviewing findings and conclusions of an administrative agency, the reviewing court will consider that evidence which tends to support the Board's decision, together with any uncontradicted adverse evidence. *Grand Lodge v. Jones* (1992), Ind. App., 590 N.E.2d 653, 654. When facts relating to the question of liability under the Worker's Compensation Act are undisputed, however, the issue is one of law for the court to decide. *O'Dell v. State Farm Mut. Auto Ins. Co.* (1977), 173 Ind.App. 106, 362 N.E.2d 862, 866. If the evidence is without conflict, the appellate court will reverse the Board's decision if reasonable persons would be bound to reach the opposite conclusion from the evidence in the record. *Coachmen Indus., Inc. v. Yoder* (1981), Ind.App., 422 N.E.2d 384, 389.

In the present case, the facts are undisputed. The issue of whether the Board erred in the manner in which it made its award is one of law for this court to decide. In so doing, we look to the Worker's Compensation Act, its underlying purposes and the intent of our general assembly.

Two sections of the Act, IC 22–3–3–8 ("Section 8") and IC 22–3–3–10(b) ("Section 10(b)"), are pertinent to our analysis. Section 8 states, in part:

"With respect to injuries occurring on and after July 1, 1976, causing temporary total disability or total permanent disability for work, there shall be paid to the injured employee during the total disability a weekly compensation equal to sixty-six and two-thirds percent (66⅔%) of his average weekly wages, as defined in I.C. 22–3–3–22, for a period not to exceed five hundred (500) weeks."

(1988 Ed.)

Section 10(b) states, in part, as follows:

"With respect to injuries in the following schedule occurring on and after July 1, 1989, and before July 1, 1990, the employee shall receive, in addition to temporary total disability benefits not exceeding seventy-eight (78) weeks on account of injury, a weekly compensation of sixty percent (60%) of the employee's average weekly wages, not to exceed one hundred eighty-three dollars ($183) average weekly wages, for the period stated for the injury.....

For injuries resulting in total permanent disability, five hundred (500) weeks."

(1991 Supp.).

These two code sections are facially in conflict. Section 8 provides that a worker who sustains injury in the course of her employment after July 1, 1976 resulting in total temporary or permanent disability shall be paid "during the total disability" a weekly compensation not to exceed 500 weeks. This section was last amended in 1976. 1976 Ind. Acts, Pub.L. No. 112 § 1. In 1988, the Indiana General Assembly amended Section 10 to provide that a worker who sustains injuries resulting in total temporary and permanent disability shall receive weekly compensation benefits for the total permanent disability of 500 weeks "*in addition to temporary total disability benefits* not exceeding seventy-eight (78) weeks...." Ind.Acts, Pub.L. No. 95–1988, § 5 (emphasis added).

It is well settled that where a statute is ambiguous or unclear, this court may construe the provisions found therein. *Smith v. Medical Licensing Bd. of Indiana* (1984), Ind.App., 459 N.E.2d 401, 404. Determining legislative intent is foremost in

construing any statute, and, wherever possible, this court will give deference to that intent. *Alvers v. State* (1986), Ind.App., 489 N.E.2d 83, 88, *trans. denied.* In doing so, we view a statute or provision within the context of the entire act, not in isolation. *Board of School Trustees v. Benetti* (1986), Ind.App., 492 N.E.2d 1098, 1102, *trans. denied.* We are required to adopt the construction which sustains the Act, carries out its purpose, and renders all parts thereof harmonious. *Holmes v. Review Bd. of Ind. Employment Sec. Div.* (1983), Ind.App., 451 N.E.2d 83, 88.

■ In resolving this conflict, we look first to the most recent legislative action. *State ex rel. Sendak v. Marion County Superior Court* (1978) 268 Ind. 3, 8, 373 N.E.2d 145, 148; *Houtchens v. Lane* (1965), 246 Ind. 540, 545–46, 206 N.E.2d 131, 134. In this case, the last legislative action was the 1988 amendment to Section 10(b). By this amendment our general assembly provided that the 500–week benefit period for total permanent disability was in addition to the 78–week period for temporary total disability for a maximum benefit period of 578 weeks.

■ In construing a statute, we also give deference to an agency interpretation of the statute which it administers. Although on review we are not bound by the agency interpretation, and may reverse an incorrect interpretation, we accord significant weight to the agency's interpretation. *Hamilton County D.P.W. v. Smith* (1991), Ind.App., 567 N.E.2d 165, 168. Here the Worker's Compensation Board interpreted the Act to permit 578 weeks of benefits for total temporary and permanent disability.

■ Finally, we look to the purpose of the statute. The Worker's Compensation Act is for the benefit of the employee and "should be liberally construed so as not to negate the Act's humane purposes." *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 251, 297 N.E.2d 425, 427. Here, such construction supports the maximum benefit period.

■ Applying this principle of liberal construction, according appropriate weight to the Board's interpretation of its statute, and

following the latest declaration of legislative intent, we affirm the decision of the Full Worker's Compensation Board granting Jordan benefits for 78 weeks temporary total disability and 500 weeks total permanent disability.

Affirmed.

CHEZEM, J. concurs.

RILEY, J. dissents with opinion.

RILEY, Judge, dissenting.

I respectfully dissent.

I agree with the majority that a statute or provision must be viewed within the context of the entire act. I further agree that we are required to adopt the construction which sustains the Act, carries out its purpose, and renders all parts harmonious. I disagree, however, with the majority's position that the Worker's Compensation Board's decision accomplishes these goals.

As the majority concedes, IND.CODE 22–3–3–8 specifically limits a general award of total disability to 500 weeks. I.C. 22–3–3–10, as interpreted by the Board and the majority, allows for a general award of total disability in excess of 500 weeks. Acceptance of the majority's interpretation of I.C. 22–3–3–10, ignores the unequivocal language of I.C. 22–3–3–8.

The language of I.C. 22–3–3–8 indicates that the statute covers general awards of total disability. On the other hand, the language of I.C. 22–3–3–10 indicates that the statute's application is limited to cases involving scheduled injuries. It follows that the language referring to total permanent disability in I.C. 22–3–3–10(b)(3) refers only to scheduled injuries which result in total permanent disability. Thus, I.C. 22–3–3–10(b) does not conflict with I.C. 22–3–3–8, but instead delineates a narrow exception to the general limitation listed therein. The language of I.C. 22–3–3–10 has no application to unscheduled injuries such as the back injury suffered by Jordan. *See Weaver v. Budd Manufacturing Co.* (1946), 313 Mich. 310, 21 N.W.2d 142 (holding that a claim for a statutory award is separate from a general injury

claim); *Jirout v. Gebelein* (1923), 142 Md. 692, 121 A. 831 (holding that the fact that certain injuries are not covered by a schedule does not mean that they are not compensable, because unscheduled injuries are covered by general provisions).

I would reverse and remand to the Board for an award which is limited to 500 weeks.[1]

---

1. Even if the Board was correct in its interpretation of I.C. 22–3–3–10, its award was still erroneous. The Board used the percentage authorized by I.C. 22–3–3–8 instead of the lower percentage authorized by I.C. 22–3–3–10.

