**Hugh V. BANTA, Appellant**
**(Plaintiff Below),**

v.

**Donald CLARK, Commissioner Indiana**
**Department of Revenue, Appellee**
**(Defendant Below).**

No. 1–379A77.

Court of Appeals of Indiana,
First District.

Dec. 27, 1979.

Hugh V. Banta, Rockville, pro se.
Curtis J. Butcher, Carmel, for appellee.

NEAL, Judge.

This is an appeal from the Parke Circuit Court from an adverse ruling on a motion to strike filed by appellant-plaintiff Hugh V. Banta.

On October 10, 1978, appellant filed in the Parke Circuit Court his complaint for a refund of tax. At the request of the Indiana Department of Revenue, and with the written approval of the Attorney General of the State of Indiana, attorney Curtis J. Butcher filed his written appearance for the Department of Revenue. Appellant filed objections to the appearance of Butcher, which objections were overruled by the court. Upon appellant's motion, the case was venued to the Montgomery Circuit Court where it, so far as the record discloses, is still pending. Appellant timely filed his motion to correct errors, and, from the adverse ruling thereon, the appellant perfected this appeal.

Three questions are raised in the appeal and they can be stated as follows:

1) Does the Indiana Department of Revenue have authority, with the consent of the Attorney General of the State of Indiana, to employ private counsel?

2) Does the appellant have the right to appeal, prior to the determination of the principal case, the adverse ruling on the motion to strike?

3) If appellant is entitled to interlocutory relief on the adverse ruling on the motion to strike, prior to the final judgment, should it be taken by way of appeal or by petition for writ of mandate and prohibition in the Supreme Court?

We shall address ourselves to the merits of appellant's contention as stated in Issue 1.

Appellant brings his action under Ind. Code 6-3-6-4 for the refund of taxes assessed on pensions of retired military personnel. Subsection (d) of that act provides as follows:

"It shall be the duty of the attorney general to represent the department, and the state of Indiana, in all litigation, either criminal or civil, relating to the enforcement, construction, application and administration of this act."

Appellant's sole argument is that this section is exclusive, and no attorney other than those representing the office of the Attorney General may represent appellee in this proceeding.

Appellant has not taken notice of other authorities which bear on this question. Ind.Code 4-6-5-3 states:

"No agency, except as provided in this act, shall have any right to name, appoint, employ or hire any attorney, or special or general counsel to represent it or perform any legal service in behalf of such agency and the state *without the written consent of the attorney-general.*" (Emphasis added.)

In *State ex rel. Sendak v. Marion Superior Court,* (1978) Ind., 373 N.E.2d 145, the Supreme Court speaking through Chief Justice Givan, said at 148:

"The office of the Attorney General was recreated by the Indiana Legislature in 1943, in order to give the State independent legal representation and to establish a general legal policy for State agencies. *Indiana State Toll Bridge Commission v. Minor* (1957), 236 Ind. 193, 139 N.E.2d 445. The Attorney General is charged with the responsibility of defending the State and its officers and employees when sued in their official capacities. IC § 4-6-2-1, 1.5 [Burns' 1974]; *State ex rel. Young v. Niblack* (1951), 229 Ind. 596, 99 N.E.2d 839. No State agency is permitted to hire another attorney to perform legal services *unless the Attorney General renders his written consent.* IC § 4-6-5-3 [Burns' 1974]." (Emphasis added.)

These statutes, Ind.Code 4-6-2-1, Ind.Code 4-6-2-1.5, and Ind.Code 4-6-5-3, *supra,* and *State ex rel. Sendak, supra,* clearly state the proposition that the Attorney General has exclusive power and right in most instances to represent the State, its agencies and officers, and the agencies and officers may not hire outside counsel unless the Attorney General has consented in writing. If he consents in writing the agency may employ another attorney.

In this case the record discloses that the Indiana Department of Revenue, with the written consent of the Attorney General, employed attorney Curtis J. Butcher.

The trial court committed no error in overruling appellant's motion to strike Curtis J. Butcher's appearance, and his action in this regard is affirmed.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.