456 N.E.2d 444 (1983)
In the matter of the Search and Seizure of Property Located at the Marriott Inn, 505 Marriott Drive, Clarksville, Indiana, Pursuant to an Affidavit for Search Warrant Signed by Charles E. Jerrell and Pursuant to the Warrant Issued by This Court On December 14, 1981.
John Carson, Stuart Keane, Motel Resorts, Ltd., Petitioners-Appellants,
v.
STATE OF INDIANA, Indiana State Police Department, Respondents-Appellees.
No. 1-483A108.
Court of Appeals of Indiana, First District.
November 23, 1983.
Rehearing Denied January 4, 1984.
Transfer Denied April 17, 1984.
*445 James A. Lang, Jeffersonville, for petitioners-appellants.
Thomas J. Kough, Ind. State Police Dept., David A. Arthur, Deputy Atty. Gen., Indianapolis, for respondents-appellees.
RATLIFF, Judge.

STATEMENT OF THE CASE
The petitioners-appellants, John Carson, Stuart Keane, and Motel Resorts, Ltd. (petitioners), appeal from a Clark County Court judgment denying their motion for the return of certain property seized by the Indiana State Police pursuant to a search warrant. We affirm.

FACTS
In 1979, Motel Resorts, Ltd., owners and operators of the Marriott Inn in Clarksville, Indiana, arranged to lease a Kentucky Derby Machine from John Carson and Stuart Keane for use in the Inn's Churchhill Downs lounge. As described by the petitioners, the machine consists of nine mechanical horses which race across a track when activated by a token. If the horse chosen by the player wins the race, the lucky patron receives additional tokens in accordance with the odds displayed by the machine for that particular race. The tokens, which could be purchased for 25 cents a piece, were redeemable for food in either of the Inn's two restaurants. They could not be redeemed for cash or liquor, however, and winning patrons were required to pay any sales tax in cash.
Prior to installing the machine, Carson conferred with the Clark County Prosecutor, the Clarksville Police Chief, and two Indiana State Police officers regarding its legality. Convinced that its use would not result in prosecution for violating state gambling laws, Carson installed the machine.
On December 14, 1981, the Clark County Court issued a warrant for a search of the Marriott Inn. This warrant was premised upon an affidavit filed by the Indiana State Police which stated, inter alia: "that the above described items [the machine and other related paraphernalia] are unlawfully possessed and subject to seizure because they are used in an illegal gambling operation contrary to IC XX-XX-X-X." Record at 129. Following the machine's seizure, however, no criminal charges were brought against Carson, Keane, Motel Resorts, Ltd., or the Marriott Inn, prompting the parties to file a motion for its return.
At an August 20, 1982, hearing on the petitioners' motion, attorney Thomas J. Kough of the Indiana State Police appeared on behalf of the state in opposition to the motion. The petitioners' motion was denied on September 27, 1982.
Additional facts are stated in our discussion of the issues.

ISSUES
The petitioners present five issues for our review which we believe may be adequately restated as follows:
*446 1. Did the trial court err by allowing attorney Kough to appeal on behalf of the state in opposition to the petitioners' motion?
2. Did the trial court err by denying the petitioners' motion for return of the machine?

DISCUSSION AND DECISION

Issue One
The petitioners' initial argument challenges the appearance of attorney Kough on behalf of the state. Because Kough was neither a deputy attorney general nor a county prosecutor, the petitioners submit his representation of the state was improper. This position, however, is wholly without merit.
Apparently, the petitioners have chosen to ignore both ruling precedent, Banta v. Clark, (1979) Ind. App., 398 N.E.2d 692, and the provisions of Indiana Code section 4-6-5-3 (1982 Repl.). The latter states:
"No agency, except as provided in this act [4-6-5-1 - 4-6-5-6], shall have any right to name, appoint, employ or hire any attorney, or special or general counsel to represent it or perform any legal service in behalf of such agency and the state without the written consent of the attorney-general."
Id. (emphasis supplied).
In the instant case, written consent was given by the attorney general. This is all that the statute required. Banta, 398 N.E.2d at 693. While the attorney general "has exclusive power and right in most instances to represent the State, its agencies and officers ... [i]f he consents in writing the agency may employ another attorney." Id.
The statute was clearly adhered to in the instant case. Therefore, Kough's representation of the state was proper.

Issue Two
The petitioners next challenge the trial court's refusal to return the machine. This refusal, in their view, constituted not only an abuse of discretion, but was contrary to both the evidence and applicable law.[1] We cannot agree.
The warrant authorizing the search of the Inn and seizure of the machine was premised upon an affidavit filed by the Indiana State Police. Referring specifically to the machine, the affidavit stated it was being used "in an illegal gambling operation contrary to IC XX-XX-X-X." Record at 129. Although the petitioners argue the machine was not a gambling device, and that they did not "knowingly and intentionally" operate it, review of the applicable statutes and the record leads us to a contrary conclusion.
The term "gambling device" is defined in pertinent part as:
"(1) A mechanism by operation of which a right to money or other property may be credited in return for consideration, as the result of the operation of an element of chance;
(2) A mechanism that, when operated for a consideration, does not return the same value or property for the same consideration upon each operation;
(3) A mechanism, furniture, fixture, construction, or installation designed primarily for use in connection with professional gambling ..."
Indiana Code section 35-45-5-1 (1979 Repl.) (emphasis supplied).
With regard to "professional gambling," Indiana Code section 35-45-5-3(6) (1979 Repl.), provides it may consist of "[a] person who knowingly or intentionally: Accepts or offers to accept, for profit, money or other property risked in gambling." Id.
In the instant case, not only does the machine come within the definition of gambling devices, but more importantly, we believe its use by the petitioners clearly *447 falls within the meaning of professional gambling. By choosing a horse and activating the machine, patrons were playing a game of chance in which they could win a sum of tokens in accordance with the odds displayed by the machine. True, players could not win money, but to say the winning tokens did not represent "other property," Indiana Code section 35-45-5-1(1), is to ignore both common sense and the plain meaning of the statute. The same can be said of the petitioners' argument that their operation of the machine did not constitute professional gambling. Clearly, the only conceivable use of the machine was to accept, for profit, tokens risked in a game of chance. Ind. Code § 35-45-5-3(6) (1979 Repl.).
Moreover, we find no merit whatsoever in the petitioners' argument that their operation of the machine was not a knowing or intentional act. The petitioners not only consulted with law enforcement officials prior to its installation, at which time they revealed their intentions, but additionally, they revealed at the hearing, through Carson's testimony, the manner in which the machine was operated; its operation being in contravention of our gambling laws.
Nor can the petitioners justify their conduct on the grounds certain law enforcement officials assured them that operation of the machine would not result in criminal prosecution. First, the petitioners were never told the operation of the machine did not violate state gambling laws. Rather, the essence of the assurances was that use of the machine would be an acceptable level of gambling in the community. More importantly, however, it is not the office of any law enforcement official to grant citizens a license to violate the law. To suggest such a licensing scheme exists is absurd.
Having disposed of these collateral issues we turn now to the essential issue raised by the facts of this case: was the trial court correct in refusing to return the machine.[2] Applicable to this discussion are the provisions of Indiana Code section 35-1-6-5.1[3] (1980). In pertinent part, this section states:
"Disposition of Property Held as Evidence. (a) All items of property seized by any law enforcement agency pursuant to an arrest, search warrant or warrantless search shall be securely held by the law enforcement agency under the order of the court trying the cause except as provided in this section....
(c) Following the final disposition of the cause at trial level or any other final disposition:
(1) Property which may be lawfully possessed shall be returned to its rightful owner, if known... .
(2) Property, the possession of which is unlawful, shall be destroyed by the law enforcement agency holding it sixty (60) days after final disposition of the cause... .
(f) The law enforcement agency disposing of property in any manner provided in subsections (b) and (c) of this section shall maintain certified records of any such disposition. Disposition by destruction *448 of property, the possession of which is unlawful, shall be witnessed by two (2) persons who shall also attest to the destruction."
Id.
The petitioners contend this section, subsection (c)(1) specifically, authorizes the return of their machine. They have, however, misconstrued the statute. The return of seized property under the statute is permitted only when the item may be "lawfully possessed." Because the Kentucky Derby Machine constitutes a gambling device and was used for purposes of professional gambling, its possession is clearly unlawful. Accordingly, subsection (c)(2) provides that it may be retained by law enforcement officials and destroyed 60 days after final disposition of the cause. The trial court's determination that the machine could not be returned was therefore correct and must be affirmed.
Affirmed.
ROBERTSON, P.J., and NEAL, J., concur.
NOTES
[1] The petitioners do not allege any denial of due process in the underlying proceedings; we thus presume due process was satisfied.
[2] On September 1, 1983, Indiana Code section 35-33-5-5.1 (1983 Supp.), became effective. It provides:

"Notwithstanding section 5[XX-XX-X-X] of this chapter, if:
(1) Property alleged to be a gambling device:
(A) Was seized by a law enforcement agency; and
(B) Has been in the custody of a law enforcement agency for more than one year;
(2) No criminal charges have been filed for which the property is necessary as evidence; and
(3) The owner of the property requests in writing that it be returned; the property shall be promptly returned to the owner."
The proceedings in the present case were initiated well before the effective date of this statute and thus it is of no import here. Whether it would be applicable in any future proceedings following disposition of this appeal is a question we need not address at this time. Accordingly, we express no opinion as to its possible applicability.
[3] This section was repealed effective September 1, 1982. For present law see Indiana Code section 35-33-5-5 (1983 Supp.).